**Tommy Gene McCRAY, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Aug. 28, 1973.

Certiorari Denied by Supreme Court
Dec. 3, 1973.

J. G. Christenberry, Knoxville, for appellant.

David M. Pack, Atty. Gen., and R. Jackson Rose, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

RUSSELL, Judge.

The appellant, Tommy Gene McCray, appeals the summary dismissal of his petition for post-conviction relief.

McCray had four charges pending against him in the Criminal Court of Knox County in 1972. His two attorneys entered into settlements of those cases, and the plea bargains were thoroughly aired and formalized in open court on June 22, 1972. McCray was to receive fifteen years for one armed robbery, a concurrent ten years for another, a concurrent three to ten years for grand larceny, and a concurrent eleven months and twenty-nine days on a check charge. In summary, he was to receive an effective sentence of fifteen years.

Upon motion of McCray's counsel, judgment was deferred until multiple charges pending against McCray in the Federal District Court in Knoxville could be concluded. Obviously, counsel expected to enter guilty pleas there, have the punishment set, and then come back into State court with a motion to have the State sentence run concurrently with the federal punishment. On June 27, 1972, McCray pled guilty to each of nine charges of forgery of government checks, received five years on each charge, and the sentences were made concurrent, resulting in an effective federal sentence of five years.

On June 30, 1972, the postponed judgment was entered in State court; and, as defense counsel advocated, the State sentence was made concurrent with the federal punishment up until the federal time was served. The agreed State judgment then required that McCray serve the residue of his sentence, after federal release, in State prison.

McCray attacks his State convictions from his place of confinement in the federal correctional institution at Texarkana, Texas, by petition in which he avers (1) that the State of Tennessee lost all juris-

diction over him when it allowed him to be tried and sentenced in federal court, rendering the subsequent State judgments void; and (2) that the State sentence was an illegal "stacking of time", on the argument that a concurrent sentence cannot exceed the length of the first sentence.

██ In his summary dismissal of the petition, the learned trial judge questioned the petitioner's status to seek relief under our Post-Conviction Procedure Act, inasmuch as he is in federal custody in another state. Since McCray is under multiple State sentences, being expressly served in part (concurrently) in the federal prison, and there subject to detainers that will restore him immediately to State custody at the conclusion of his federal sentence, we believe him to be "in custody" sufficiently to have status to use the Act. See T.C.A. § 40–3802.

██ McCray's contentions, however, are patently without merit. The State of Tennessee never lost its jurisdiction over him, and his State sentence partly concurrent and partly consecutive with his federal sentence is perfectly legal.

The judgment of the trial court is affirmed.

WALKER, P. J., and GALBREATH, J., concur.