Sam John PASSARELLA, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

July 28, 1994.

Permission to Appeal Denied by the Supreme Court Nov. 28, 1994.

Richard Crane, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Eugene J. Honea, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., John Zimmerman, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

JONES, Judge.

The appellant, Sam John Passarella, appeals as of right from a judgment of the trial court dismissing his suit for post-conviction and habeas corpus relief following an evidentiary hearing. The trial court found that the appellant's suit for post-conviction relief was barred by the statute of limitations, and the appellant failed to establish that the judgments he sought to challenge were void. In this Court, the appellant contends that his suit for post-conviction relief is not barred by the statute of limitations. He argues that his suit was filed within three years of the date he discovered that the grounds alleged in the petition existed. He also contends he is entitled to habeas corpus relief on the ground that the judgments he sought to challenge are void. He argues that a judgment in a criminal case is void when the accused has been denied his constitutional right to the effective assistance of counsel.

The judgment of the trial court is affirmed.

The appellant was convicted of two counts of aggravated kidnapping by a jury of his peers. The jury sentenced the appellant to confinement for twenty (20) years in the Department of Correction for the offense alleged in the first count; and he was sentenced to confinement for fifty (50) years in the Department of Correction for the offense alleged in the second count. The trial court ordered the sentences to be served consecutively. The effective sentence was seventy (70) years. This Court affirmed the appellant's convictions and sentences.[1] Neither the pleadings nor the evidence adduced at the hearing reveals whether an application for permission to appeal was filed in the Supreme Court.

The appellant was convicted of a federal offense in close proximity to the convictions challenged in this case. However, the record is silent regarding the nature of the offense and the sentence imposed by the federal district court. It appears that the appellant served the federal sentence first. The State of Tennessee placed a detainer with the federal authorities. The appellant was subsequently released to Tennessee authorities after serving approximately nine (9) years in a federal penitentiary.

In 1992 the appellant's family hired an attorney to assist the appellant. The attorney conducted an investigation and concluded that the appellant had been denied the effective assistance of counsel incident to his convictions, sentences and appeal to this Court. The appellant instituted this suit on July 12, 1993 by filing a pleading entitled "Petition for Post–Conviction Relief and Writ of Habeas Corpus." The trial court made the following finding at the conclusion of the hearing:

> The Court is of the opinion that the petition is time barred. Further, the Court is of the opinion that there are no issues presented before the Court from which the

---

1. *State v. Sam John Passarella*, Davidson County No. 81–C–260–III (Tenn.Crim.App., Nashville, October 1, 1982).

Court can grant a petition for a writ of habeas corpus. The petition is denied.

The appellant subsequently perfected his appeal as of right to this Court.

## I.

The appellant contends the statute of limitations did not commence to run in this case until he discovered or should have discovered, that he had been deprived of his constitutional right to the effective assistance of counsel. He argues that such a rule "would mirror the time bar under tort law ... which begins to run only after the plaintiff discovers or should have discovered his injury." He reasons that he should "be given the same opportunity to have his claim heard that tort victims enjoy." He also contends the dismissal of his suit on the ground that it was barred by the statute of limitations violated his right to due process of law.

### A.

The Post–Conviction Procedure Act provides relief to "[a] prisoner in custody under sentence of a [Tennessee] court,"[2] whose "conviction or sentence is void or voidable because of the abridgement ... of any right guaranteed by the [Tennessee] constitution ... or the Constitution of the United States."[3] The Act also provides relief when a right was not previously available, if the new right is to be applied retroactively.[4]

■ A person is considered "in custody" within the meaning of the Act if a prior conviction presents "any possibility of [a] restraint on liberty."[5] The appellate courts of this State have held that a person who suffers a "restraint on liberty" as a result of a Tennessee conviction does not have to be confined to a Tennessee jail or penitentiary as a prerequisite to filing a suit for post-conviction relief.[6] Thus, a person who has served his or her sentence,[7] or is on parole,[8] confined to a federal penitentiary,[9] or serving a sentence in another state[10] is "in custody" within the meaning of the Act if the person can establish that a "possibility of [a] re-

2. Tenn.Code Ann. § 40–30–102 (1990).

3. Tenn.Code Ann. § 40–30–105 (1990).

4. Tenn.Code Ann. § 40–30–105 (1990). *See Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Meadows v. State*, 849 S.W.2d 748 (Tenn.1993).

5. *State v. McCraw*, 551 S.W.2d 692, 694 (Tenn. 1977). The Supreme Court reaffirmed this liberal interpretation of the term "in custody" in *Albert v. State*, 813 S.W.2d 426, 427 (Tenn.1991).

6. *Albert v. State*, 813 S.W.2d 426, 427 (Tenn. 1991); *State v. McCraw*, 551 S.W.2d 692, 694 (Tenn.1977); *McCray v. State*, 504 S.W.2d 773, 774 (Tenn.Crim.App.1973), *cert. denied*, December 3, 1973; *Holt v. State*, 489 S.W.2d 845, 846–47 (Tenn.Crim.App.1972), *cert. denied*, January 15, 1973; *Parton v. State*, 483 S.W.2d 753, 754 (Tenn.Crim.App.), *cert. denied*, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); *Daugherty v. State*, 4 Tenn.Crim.App. 355, 356, 470 S.W.2d 865, 866 (1971), *cert. denied*, September 7, 1971; *Francis Ross v. State*, Fayette County No. 02–C–01–9303–CC–00047, 1994 WL 29838 (Tenn.Crim. App., Jackson, February 2, 1994); *William L. Church v. State*, Hamilton County No. 03–C–01–9207–CR–00242, 1993 WL 209554 (Tenn.Crim. App., Knoxville, June 15, 1993), *per. app. denied*, October 4, 1993; *Paul R. Spence v. State*, Sullivan County No. 968, 1991 WL 229004 (Tenn. Crim.App., Knoxville, November 8, 1991), *per. app. denied*, March 16, 1992; *Steve E. Taylor v.* *State*, Cannon County No. 01–C–01–9103–CC–00073, 1991 WL 207925 (Tenn.Crim.App., Nashville, October 17, 1991); *Hugh Cockrum v. State*, Hamblen County No. 297, 1990 WL 257 (Tenn. Crim.App., Knoxville, January 5, 1990), *per. app. denied*, May 14, 1990; *Richard Lee Sheckles v. State*, Obion County, 1989 WL 56811 (Tenn. Crim.App., Jackson, May 31, 1989); *Richard Berndt v. Dept. of Corrections*, Hamblen County No. 214, 1986 WL 3392 (Tenn.Crim.App., Knoxville, March 18, 1986), *per. app. denied*, June 2, 1986. *See Phillip Woody v. State*, Polk County No. 03–C–01–9211–CR–00396, 1993 WL 285944 (Tenn.Crim.App., Knoxville, July 29, 1993); *Alphonso Drain v. State*, Shelby County No. 02–C–01–9109–CR–00195, 1992 WL 156033 (Tenn. Crim.App., Jackson, July 8, 1992).

7. *Albert v. State, supra; State v. McCraw, supra; Holt v. State, supra; Hugh Cockrum v. State, supra.*

8. *Daugherty v. State, supra; Richard Berndt v. Dept. of Corrections, supra.*

9. *McCray v. State, supra; Francis Ross v. State, supra. See Howard Lee White v. State*, Knox County No. 1101, 1987 WL 9717 (Tenn.Crim. App., Knoxville, April 21, 1987), *per. app. denied*, June 29, 1987.

10. *William L. Church v. State, supra; Paul R. Spence v. State, supra.*

straint on liberty" exists as a result of the Tennessee conviction.[11]

In *McCray v. State*,[12] the petitioner was permitted to serve his Tennessee sentences concurrently with a federal sentence. The petitioner filed suit for post-conviction relief while confined to a federal penitentiary. The trial court summarily dismissed the suit. The trial court commented that it was questionable whether the petitioner was "in custody" within the meaning of the Act. In affirming the judgment of the trial court, this Court said:

> In his summary dismissal of the petition, the learned trial judge questioned the petitioner's status to seek relief under our Post–Conviction Procedure Act, inasmuch as he is in federal custody in another state. Since McCray is under multiple sentences, being expressly served in part (concurrently) in the federal prison, and there subject to detainers that will restore him immediately to State custody at the conclusion of his federal sentence, we believe him to be "in custody" sufficiently to have status to use the Act.[13]

In *Francis Ross v. State*,[14] the petitioner, like the appellant in this case, served a federal sentence before being released to Tennessee authorities to serve five sentences imposed by the circuit court of Fayette County. Ross filed a suit for post-conviction relief after he was returned to Tennessee. The trial court dismissed the suit on the ground it was barred by the statute of limitations. In this Court, Ross contended that he was not "in custody" within the meaning of the Act until he was returned to Tennessee and confined in a Department of Correction facility. This Court, relying on *McCray*, held that Ross was "in custody" while confined in the federal penitentiary and affirmed the judgment of the trial court.

In *Paul R. Spence v. State*,[15] the petitioner was serving a sentence in Ohio before coming to Tennessee to be tried for criminal offenses committed in Sullivan County. He was returned to Ohio to complete his sentence after being convicted and sentenced in the Sullivan County cases. He was subsequently released to Tennessee authorities after serving the Ohio sentence. He filed a suit for post-conviction relief upon his return to Tennessee. The trial court dismissed the suit on the ground it was barred by the statute of limitations. This Court affirmed the judgment of the trial court. In ruling, this Court said:

> Preliminarily, the term "in custody" means any possibility of restraint on liberty. For example, one in federal custody in another state and subject to a detainer in this state is sufficiently "in custody" under our post conviction statute. *McCray v. State*, 504 S.W.2d 773 (Tenn.Crim.App.1973). One is in custody as long as he suffers "any collateral legal consequences...." *Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900 [20 L.Ed.2d 917] (1968).

> So long as any such consequence exists, the petitioner has the status to file for post-conviction relief. Tennessee courts have traditionally given liberal construction to the term "in custody". *State v. McCraw*, 551 S.W.2d 692, 693 (Tenn.1977). Thus, we initially determine that the petitioner here was "in custody" on the effective date of the 1986 amendment to our Act. This state's detainer qualified the petitioner to file an action for post-conviction relief even though he was incarcerated

---

11. *See State v. Terry Lee Haynes*, Knox County No. 1125, 1987 WL 31630 (Tenn.Crim.App., Knoxville, December 30, 1987), (petitioner failed to allege "facts which would support a finding that he suffered prejudicial collateral consequences because of the conviction"); *Howard Lee White v. State, supra* ("[i]t would be pure speculation to assume that petitioner is suffering any collateral legal consequences as the result of the Knox County conviction any more so than as a result of the others we have noted").

The petitioner has the burden of alleging and proving that a "possibility of [a] restraint on liberty" actually exists. *Howard Lee White v. State, supra*.

12. 504 S.W.2d 773 (Tenn.Crim.App., 1973), *cert. denied*, December 3, 1973.

13. 504 S.W.2d at 774.

14. Fayette County No. 02–C–01–9303–CC–00047 (Tenn.Crim.App., Jackson, February 2, 1994).

15. Sullivan County No. 968 (Tenn.Crim.App., Knoxville, November 8, 1991), *per. app. denied*, March 16, 1992.

in Ohio for almost all of the three-year limitations period. Clearly, the petition was filed after July 1, 1989, the expiration of the statute of limitations, and approximately one year after the petitioner's return to this state.[16]

■ In short, the appellant was "in custody" within the meaning of the Act while he was confined in the federal penitentiary. This Court must now consider if the statute of limitations expired before the appellant filed the present suit and, if so, whether a "discovery rule" should be superimposed over the statute of limitations or the invoking of the statute of limitations resulted in a denial of due process.

### B.

■ Historically, the Post–Conviction Procedure Act did not contain a statute of limitations or other time constraint that required a suit for post-conviction relief to be filed within a specified period of time. Relief was available to any person who suffered a restraint upon his or her liberty as a result of a Tennessee conviction.[17] In 1986 the Tennessee General Assembly amended the Act by creating a three (3) year statute of limitations, effective July 1, 1986.[18] The portion of the amendment relevant to this inquiry is as follows:

> ... A prisoner in custody under sentence of this State must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.[19]

It became apparent that the statute of limitations was violative of procedural due process because it had the effect of automatically barring a suit predicated upon a judgment that became final more than three years prior to the effective date of the amendment. This Court ruled that the statute of limitations commenced as to those potential suits on the effective date of the amendment, July 1, 1986.[20] Thus, a person whose judgment became final prior to the effective date of the amendment had three years, or until July 1, 1989, to initiate a suit for post-conviction relief.

In this case, the record establishes that the appellant appealed his conviction as of right to this Court. His convictions and sentences were affirmed on October 1, 1982, the date the opinion and judgment were filed in the cause. The record does not indicate whether an application for permission to appeal was filed in the Tennessee Supreme Court. Since the appellant was "in custody" within the meaning of the Act, he had until July 1, 1989, to challenge his convictions and sentences in a suit for post-conviction relief. It is clear that the statute of limitations had expired before he filed this suit on July 12, 1993. Consequently, the suit is barred by the statute of limitations.

### 1.

■ In an effort to avoid the finality of the statute of limitations, the appellant asks this Court to engraft a discovery rule upon the statute of limitations in post-conviction cases. He argues that in this case the statute of limitations should commence on the date he was advised by his attorney that he had grounds to collaterally attack his convictions and sentences. His attorney advised him of

16. Slip op. at 2.

17. Tenn.Code Ann. § 40–30–102 (1982); *State v. McCraw*, 551 S.W.2d 692 (Tenn.1977).
   A petitioner cannot obtain relief from a judgment of conviction imposed by a court of another state pursuant to the Act. *See Rhoden v. State*, 816 S.W.2d 56 (Tenn.Crim.App.1991), *per. app. denied*, July 1, 1991; *Oliphant v. State*, 806 S.W.2d 215 (Tenn.Crim.App.1991), *per. app. denied*, March 11, 1991.

18. Tenn.Pub. Acts (1986) ch. 634, §§ 1–2.

19. If the accused does not appeal his or her conviction, the statute of limitations begins to run from the date the judgment of conviction is entered by the trial court. *Warren v. State*, 833 S.W.2d 101, 102 (Tenn.Crim.App.1992).

20. *State v. Masucci*, 754 S.W.2d 90, 91 (Tenn.Crim.App.1988), *per. app. denied*, July 25, 1988; *State v. St. John*, 751 S.W.2d 453, 454 (Tenn.Crim.App.1988), *per. app. denied*, May 31, 1988; *Abston v. State*, 749 S.W.2d 487, 488 (Tenn.Crim.App.1988), *per. app. denied*, May 9, 1988.

the grounds sometime in 1992. Similar arguments have been rejected by this Court.[21]

In *Monroe Brown v. State*,[22] this Court affirmed Brown's conviction and sentence on March 31, 1987. The Supreme Court denied the appellant's application for permission to appeal on June 8, 1987. Brown filed a suit for post-conviction relief on July 31, 1991. The trial court summarily dismissed the suit on the ground it was barred by the statute of limitations. In this Court, Brown contended that "the statute of limitations began running when he *learned* that the Supreme Court had denied permission to appeal rather than when the court acted on his application." [23] He reasoned, as the appellant does in this case, that such a rule would parallel the discovery rule in medical malpractice cases. This Court rejected that argument and affirmed the judgment of the trial court.

In *Darrell Eugene Warren v. State*,[24] the petitioner was convicted and sentenced for several offenses on March 16, 1986, after pleading guilty to the offenses. Subsequently, he filed a suit for post-conviction relief. The trial court dismissed the suit on the merits; and this Court affirmed the judgment of the trial court.[25] He filed a second suit on January 3, 1992. The trial court summarily dismissed the suit on the ground it was barred by the statute of limitations. In this Court, Warren attempted "to avoid the statute of limitations bar by claiming that at the time of filing his first petition, he did not know that these grounds existed, and his court appointed attorney did not tell him that he had other constitutional issues that should have been presented to the court." In affirming the judgment of the trial court,

Judge White, speaking for a unanimous court, stated:

> He [Warren], in effect, is attempting to superimpose a discovery rule over the post-conviction statute of limitations.

> Our court has rejected the notion that the post-conviction statute of limitations includes any explicit or implicit discovery rule. In *Monroe Brown v. State*, ... this Court rejected an argument that the post-conviction statute of limitations should begin to run when a petitioner *"learned"* that application for permission to appeal had been denied by the Tennessee Supreme Court. In this case, the appellant urges us to find that the statute begins to run when a petitioner learns that certain constitutional violations have occurred. We cannot engraft this discovery rule upon the statute of limitations which is purely statutory and which is unambiguous about its accrual.[26]

The reasoning in *Brown* and *Warren* is sound. Based upon the doctrine of *stare decisis*, this Court will follow the holding in those cases. This Court refuses to engraft a discovery rule over the statute of limitations in post-conviction cases.

### 2.

■ The appellant, relying upon the Supreme Court's holding in *Burford v. State*,[27] contends the dismissal of his suit for post-conviction relief on the ground that it was barred by the statute of limitations denied him due process of law. The appellant's reliance on *Burford* is misplaced. *Burford* and this case are factually distinguishable.

**21.** *Darrell Eugene Warren v. State*, Knox County No. 03–C–01–9210–CR–00372, 1993 WL 310716 (Tenn.Crim.App., Knoxville, August 17, 1993), *per. app. denied*, February 14, 1994; *Monroe Brown v. State*, Davidson County No. 01–C–01–9112–CR–00367, 1992 WL 186548 (Tenn.Crim.App., Nashville, August 6, 1992), *per. app. denied*, November 2, 1992.

**22.** Davidson County No. 01–C–01–9112–CR–00367, 1992 WL 186548 (Tenn.Crim.App., Nashville, August 6, 1992), *per. app. denied*, November 2, 1992.

**23.** Slip op. at 2. (Emphasis added).

**24.** Knox County No. 03–C–01–9210–CR–00372, 1993 WL 310716 (Tenn.Crim.App., Knoxville, August 17, 1993), *per. app. denied*, February 14, 1994

**25.** *Darrell Eugene Warren v. State*, Knox County No. 1316, 1991 WL 11566 (Tenn.Crim.App., Knoxville, February 6, 1991).

**26.** Slip op. at 3.

**27.** 845 S.W.2d 204 (Tenn.1992).

Moreover, this argument has been previously rejected by this Court.[28]

In *Darrell Eugene Warren v. State*,[29] this Court held that the holding in *Burford* was not to be applied in a wholesale manner. In rejecting an argument similar to the argument asserted in this case, this Court said:

> In certain *limited* circumstances, our Supreme Court has deemed the statute inapplicable when its application would serve to deprive a petitioner of liberty without due process of law. In *Burford v. State*, 845 S.W.2d 204 (Tenn.1992), a post-conviction petitioner was unable to challenge his persistent offender sentence until a conviction in another county was declared invalid. The Court found that Burford was "caught in a procedural trap and unable to initiate litigation . . . despite the approach of the three-year limitation." *Id.* at 208. *Nothing in the Burford rationale, however, lends any support to appellant's contention that his petition should survive a statue of limitations dismissal.*[30]

Judge White's analysis in *Warren* is eminently correct. This Court opts to follow the holding in *Warren*. The dismissal of the appellant's suit on the ground it was barred by the statute of limitations, absent additional facts, did not deny the appellant due process of law. The Supreme Court's holding in *Burford* cannot be invoked by a petitioner who has simply slept on his right to seek post-conviction relief.

---

## II.

The appellant also contends that the trial court erred in dismissing his suit for habeas corpus relief. He argues that he is entitled to invoke the remedy of habeas corpus to challenge his judgments of conviction because the judgments are void. He reasons that the denial of the constitutional right to the effective assistance of counsel renders a judgment of conviction void. He predicates his entire theory on the Supreme Court's decision in *State ex rel. Anglin v. Mitchell*.[31]

### A.

In this jurisdiction, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment. . . ."[32] The Tennessee Constitution provides that this remedy "shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare that public safety requires it."[33] The object of the remedy is "immediate relief from [an] illegal restraint or confinement."[34]

■ It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief.[35] In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired.[36]

**28.** *Darrell Eugene Warren v. State*, Knox County No. 03–C–01–9210–CR–00372 (Tenn.Crim.App., Knoxville, August 17, 1993), *per. app. denied*, February 14, 1994.

**29.** *Id.*

**30.** Slip. op. at 3. (Emphasis added).

**31.** 575 S.W.2d 284 (Tenn.1979).

**32.** Tenn.Code Ann. § 29–21–101. This remedy is not available to a person who has been convicted and sentenced in a federal court. Tenn.Code Ann. § 29–12–102.

**33.** Tenn. Const. art. 1, § 15.

**34.** *State ex rel. Dickens v. Bomar*, 214 Tenn. 493, 499, 381 S.W.2d 287, 289 (1964). In *State ex rel. Brown v. Newell*, 216 Tenn. 284, 391 S.W.2d 667 (1965), the Supreme Court said that "[t]he writ of habeas corpus is used to obtain immediate

relief from illegal confinement; [and] to liberate those who may be confined without sufficient cause." 216 Tenn. at 290, 391 S.W.2d at 670. *See State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 246, 364 S.W.2d 887, 889 (1963).

**35.** *Archer v. State*, 851 S.W.2d 157, 161–62 (Tenn.1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn.1992); *State v. Warren*, 740 S.W.2d 427, 428 (Tenn.Crim.App.1986).

**36.** *State ex rel. Jordan v. Bomar*, 217 Tenn. 494, 500, 398 S.W.2d 724, 726 (1965); *Hall v. Heer*, 217 Tenn. 392, 393–94, 398 S.W.2d 71 (1966); *State ex rel. Hall v. Meadows*, 215 Tenn. 668, 675, 389 S.W.2d 256, 259 (1965); *State ex rel. Dickens v. Bomar*, 214 Tenn. 493, 498, 381 S.W.2d 287, 289 (1964); *State ex rel. Grandstaff v. Gore*, 182 Tenn. 94, 98, 184 S.W.2d 366, 367 (1945); *Adams v. Russell*, 179 Tenn. 428, 430, 167 S.W.2d 5, 6 (1942); *State ex rel. Conner v. Hebert*, 127 Tenn. 220, 243, 154 S.W. 957, 963–64

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition.[37] If the petition fails to state a cognizable claim, the suit may be summarily dismissed by the trial court.[38]

■ The petitioner has the burden of establishing by a preponderance of the evidence that the judgment is void or his term of imprisonment has expired.[39] If the petitioner establishes by a preponderance of the evidence that his conviction is void or his term of imprisonment has expired, the prisoner is entitled to immediate release.[40]

The appellant contends that the judgments of conviction are void. Therefore, this Court must determine whether the judgments in this case are in fact void.

### B.

■ A judgment of a court of general jurisdiction is presumed to be valid.[41] This presumption is said to be conclusive unless the judgment is impeached by the record.[42] If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.[43] Conversely, if the face of the record reveals that the court did not have personal and subject matter jurisdiction, or the authority to make the challenged judgment, the judgment is void.[44]

■ When a prisoner contends that he was denied the constitutional right to the effective assistance of counsel, the judgment is voidable, not void, unless the face of the record establishes that the trial court did not have jurisdiction of his person, the criminal offense of which he stands convicted, or the authority to make the judgment attacked.[45]

(1913); *State ex rel. Karr v. Taxing Dist.,* 84 Tenn. (16 Lea) 240, 249 (1886); *State ex rel. Stewart v. McWherter,* 857 S.W.2d 875, 877 (Tenn.Crim. App.1992), *per. app. denied,* (Tenn.1993); *State ex rel. Wade v. Norvell,* 1 Tenn.Crim.App. 447, 448–49, 443 S.W.2d 839, 840 (1969). *See Potts v. State,* 833 S.W.2d 60, 62 (Tenn.1992).

37. Tenn.Code Ann. § 29–21–109. *See Russell v. State ex rel. Willis,* 222 Tenn. 491, 496, 437 S.W.2d 529, 531 (1969); *State ex rel. Byrd v. Bomar,* 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964).

38. Tenn.Code Ann. § 29–21–109. This statute provides in part: "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused."

39. *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 504, 381 S.W.2d 290, 291 (1964).

40. *State v. Warren,* 740 S.W.2d at 428.

41. *Archer v. State,* 851 S.W.2d 157, 162 (Tenn. 1993); *State ex rel. Kuntz v. Bomar, supra; State ex rel. Holbrook v. Bomar, supra; Bomar v. State ex rel. Stewart,* 201 Tenn. 480, 300 S.W.2d 885 (1957); *Edwards v. Puckett,* 196 Tenn. 560, 568, 268 S.W.2d 582, 586 (1954) (judgment must be void on its face).

42. *Archer v. State,* 851 S.W.2d 157, 162 (Tenn. 1993); *State ex rel. Kuntz v. Bomar, supra; State ex rel. Holbrook v. Bomar, supra; Bomar v. State ex rel. Stewart, supra; Edwards v. Puckett,* 196 Tenn. 560, 568, 268 S.W.2d 582, 586 (1954) (judgment must be void on its face).

43. *See Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Kuntz v. Bomar, supra; State ex rel. Byrd v. Bomar, supra; State ex rel. Holbrook v. Bomar, supra; State ex rel. Karr v. Taxing Dist.,* 84 Tenn. (16 Lea) 240, 249 (1886).

44. *State ex rel. Underwood v. Brown,* 193 Tenn. 113, 122, 244 S.W.2d 168, 171 (1952). *See State ex rel. Byrd Bomar,* 214 Tenn. 476, 482–83, 381 S.W.2d 280, 283 (1964); *State ex rel. Dawson v. Bomar,* 209 Tenn. 567, 573, 354 S.W.2d 763, 765 (1962), *cert. denied,* 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829 (1962); *Adams v. Russell,* 179 Tenn. 428, 433, 167 S.W.2d 5, 6 (1942); *Lynch v. State ex rel. Killebrew,* 179 Tenn. 339, 342, 166 S.W.2d 397, 398 (1942); *New York Casualty Co. v. Lawson,* 160 Tenn. 329, 336, 24 S.W.2d 881, 883 (1930).

45. *Luttrell v. State,* 644 S.W.2d 408 (Tenn.Crim. App.1982). *See Donald Carl Crockett v. State,* Shelby County No. 02–C–01–9203–CR–00071, 1992 WL 368656 (Tenn.Crim.App., Jackson, December 16, 1992) (trial court properly treated petition for habeas corpus that alleged ineffective assistance of counsel as petition for post-conviction relief); *Joseph Veres v. Howard Carlton,* Bledsoe County No. 03–C–01–9112–CR–00383, 1992 WL 158285 (Tenn.Crim.App., Knoxville, July 8, 1992) (trial court properly treated petition for habeas corpus relief alleging ineffective assistance of counsel at the trial and appellate levels as petition for post-conviction relief); *State v. Frank Andrew McCall,* Davidson County No. 01–C–01–9006–CR–00135, 1991 WL 32896 (Tenn. Crim.App., Knoxville, March 14, 1991) (trial court properly treated petition for habeas corpus

In *Luttrell v. State*,[46] the appellant was convicted in Henry County. He filed a suit for habeas corpus relief in Davidson County, where he was confined in a Department of Correction facility. The principle question raised in the petition was the effectiveness of the attorney who represented him in Henry County. The trial court summarily dismissed the petition. The appellant contended in this Court that the trial court should have granted him an evidentiary hearing to ventilate the grounds raised in his petition. This Court, holding that a claim of ineffective assistance of counsel could not be litigated in a suit for habeas corpus relief, affirmed the judgment of the trial court.

The appellant's reliance upon the Supreme Court's decision in *State ex rel. Anglin v. Mitchell*[47] is misplaced. The language contained in *Anglin* is dicta—it was not the holding of the court. Moreover, this language was overruled by implication in *Archer v. State*.[48]

■ In this case, the appellant does not claim the face of the judgments of conviction attacked or the face of the record establishes that the court did not have jurisdiction of his person, the crimes of which he stands convicted, or the authority to make the judgments in question.[49] To the contrary, the Criminal Court of Davidson County is a court of general jurisdiction, the appellant was present in open court, tried and convicted, and that court had the authority to enter judgments on the verdicts returned by the jury, as well as to order that the sentences be served consecutively. Consequently, the judgments attacked were voidable, not void, as the appellant claims.

The trial court was eminently correct in finding that the appellant failed to either allege or present a ground that was cognizable in a suit for habeas corpus relief.

HAYES, J., and DAILEY, Special Judge, concur.

---

relief alleging ineffective assistance of counsel and denial of a fair and impartial trial by jury as a petition for post-conviction relief).

46. 644 S.W.2d 408 (Tenn.Crim.App.1982).

47. 575 S.W.2d 284 (Tenn.1979).

48. 851 S.W.2d 157, 162–63 (Tenn.1993).

49. The claim that a judgment of conviction is void if the accused establishes by a preponderance of the evidence that he was denied the constitutional right to the effective assistance of counsel is accurate. However, before the judgments in this case can be declared void on this ground, the appellant was required to present evidence to establish this fact. Moreover, it would require the trial court to make findings of fact based on the evidence presented at an evidentiary hearing. As previously stated, the judgment itself or the record of the proceedings, standing alone, must show a want of jurisdiction before a judgment can be declared void. *See Archer v. State*, 851 S.W.2d 157 (Tenn.1993). As the Supreme Court said in *Archer*:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. The petition in this case, however, like most *post-conviction* challenges ... alleges only that, upon introduction of further proof and after appropriate findings of fact by the trial judge, the facially valid judgment *may* be voided. The appellant's convictions ... are, therefore, not void, but merely voidable. Consequently, ... [the convictions] should have been challenged through a post-conviction relief petition [rather than a suit for habeas corpus relief].

851 S.W.2d at 164.