# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 3, 2007

## TERRY JAMAR NORRIS v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6128     Joseph H. Walker, III, Judge**

_____

**No. W2007-00594-CCA-R3-HC  - Filed December 3, 2007**

_____

The petitioner, Terry Jamar Norris, appeals the summary dismissal of his *pro se* petition for writ of habeas corpus.  Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Terry Jamar Norris, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On June 3, 1999, the petitioner was convicted by a Shelby County jury of second degree murder for the March 10, 1997, shooting death of an acquaintance.  He was sentenced by the trial court as a violent offender to twenty-one years in the Department of Correction at 100% release eligibility.  The petitioner's conviction was affirmed on direct appeal, and our supreme court denied his application for permission to appeal.  State v. Terry Norris, No. W2000-00707-CCA-R3-CD, 2002 WL 1042184, at *1 (Tenn. Crim. App. May 21, 2002), perm. to appeal denied (Tenn. Nov. 4, 2002).  The petitioner later unsuccessfully sought post-conviction relief from his conviction.  See Terry Jamar Norris, No. W2005-01502-CCA-R3-PC, 2006 WL 2069432, at *1 (Tenn. Crim. App. July 26, 2006), perm. to appeal denied (Tenn. Dec. 18, 2006).

On February 23, 2007, the petitioner filed a *pro se* petition for writ of habeas corpus in the Circuit Court of Lauderdale County, alleging that his conviction was void because at the time he was

sentenced, Tennessee Code Annotated section 40-35-209(e) did not provide for 100% sentencing as a violent offender. On February 26, 2007, the habeas court summarily dismissed the petition, finding that there was nothing on the face of the judgment to show that the petitioner's conviction was void or his sentence expired. The court noted that Tennessee Code Annotated section 40-35-501, in effect at the time of the petitioner's sentencing, mandated a 100% release eligibility date for a conviction for second degree murder. The petitioner then filed an appeal to this court.

## ANALYSIS

On appeal, the petitioner again cites Tennessee Code Annotated section 40-35-209(e) to argue that the 100% release eligibility portion of his sentence renders his sentence illegal and his conviction void. The State argues that the sentence is not illegal because Tennessee Code Annotated section 40-35-501 mandates that certain enumerated offenses, including second degree murder, be served at 100% release eligibility. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A judgment is void "only when '[i]t appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004) (quoting Ritchie, 20 S.W.3d at 630) (other citations omitted).

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the petitioner's sentence has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Because the determination of whether habeas corpus relief should be granted is a question of law, we review this issue *de novo* with no presumption of correctness given to the findings of the lower court. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

The statute on which the petitioner relies in support of his claim that his sentence is illegal, Tennessee Code Annotated section 40-35-209(e), lists the different information that must be included on the uniform judgment document for each conviction. At the time of the petitioner's conviction and sentencing, the statute stated in pertinent part:

> (e) After the defendant is sentenced, the district attorney general shall complete the uniform judgment document for the conviction which shall indicate for each offense the following:
>
> (1) The type of offense for which the defendant was charged and convicted, and the sentence imposed;
>
> (2) Whether the defendant was sentenced as a standard offender;

. . . .

 (6) Whether the defendant was sentenced as a repeat violent offender;

 (7) Whether the defendant was sentenced as an especially mitigated offender[.]

Tenn. Code Ann. 40-35-209(e) (1997). In 2000, the statute was amended by the inclusion of the following language, designated as subsection (7), with the remaining subsections renumbered accordingly: "Whether the defendant was sentenced as a one hundred percent (100%) offender pursuant to § 40-35-501(i)[.]" Tenn. Code Ann. § 40-35-209(e)(7) (Supp. 2000).

In effect at the time the petitioner was sentenced, however, was Tennessee Code Annotated section 40-35-501, entitled "Release eligibility status-Calculations," which states in pertinent part:

 (i)(1) There shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (2). Such person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by § 41-21-236, or any other provision of law, shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

 (2) The offenses to which the provisions of subdivision (1) apply are:

 . . . .

 (B) Murder in the second degree[.]

Tenn. Code Ann. § 40-35-501(i)(1), (2)(B) (1997).

The petitioner has not, therefore, met his burden of showing by a preponderance of the evidence that his sentence is illegal and his conviction void.

**CONCLUSION**

 Based on our review, we conclude that the lower court did not err in summarily dismissing the petition for writ of habeas corpus. Accordingly, we affirm the judgment of the habeas court.

_____
ALAN E. GLENN, JUDGE
