# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## OCTOBER SESSION, 1996

FILED

**April 28, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **MARVIN ANTHONY MATHEWS,**) | | No. 02C01-9512-CC-00366 |
| Appellant | ) | |
| | ) | LAUDERDALE COUNTY |
| vs. | ) | |
| | ) | Hon. **Joseph H. Walker**, Judge |
| **STATE OF TENNESSEE**, | ) | |
| **FRED RANEY, WARDEN** | ) | (Habeas corpus) |
| | ) | |
| Appellee | ) | |

For the Appellant:

**MARVIN ANTHONY MATHEWS**
*Pro Se*
Cold Creek Correctional Facility
P. O. Box 1000
Henning, TN 38041-1000

For the Appellee:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**EUGENE J. HONEA**
Assistant Attorney General
**LISA A. NAYLOR**
Legal Assistant
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493


**AT TRIAL:**

**CHARLOTTE H. RAPPUHN**
Assistant Attorney General
**LISA A. NAYLOR**
Legal Assistant
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

**AFFIRMED PURSUANT TO RULE 20**

**David G. Hayes**
Judge

The appellant, Marvin Anthony Mathews, appeals the summary dismissal by the Lauderdale County Circuit Court of his *pro se* petition for a writ of habeas corpus. The appellant is currently incarcerated at the Cold Creek Correctional Facility in Lauderdale County. In his *pro se* petition, the appellant states that, in 1984, he was convicted of third degree burglary in the Criminal Court of Shelby County. The appellant alleges that, following his conviction, he was sentenced as a "persistent offender and an especially aggravated offender" to ten years imprisonment in the Tennessee Department of Correction "at fifty (50) percent." He further alleges that his status as a "persistent offender and an especially aggravated offender" was based upon eight prior convictions that have been "set aside" by this court.[1] Thus, the appellant contends that he is serving an "excessive sentence."[2]

The trial court dismissed the appellant's petition, finding that the petition failed to state a cognizable claim for habeas corpus relief. Habeas corpus relief is available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Moreover, the appellant has the burden of establishing either a void judgment or the expiration of his sentence by a preponderance of the evidence. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). In the instant case, the appellant alleges only that his sentence is excessive. Thus, the trial court's dismissal of the appellant's habeas corpus

---

[1]The record does not contain any documentation concerning these prior convictions.

[2]In essence, the appellant appears to be challenging his status as a persistent offender of an especially aggravated offense.

petition was proper.

Furthermore, the trial court correctly concluded that it was unable to treat the petition as one for post-conviction relief, because the Circuit Court of Lauderdale County lacks jurisdiction to hear the appellant's claim. Petitions for post-conviction relief must be filed in the court where the conviction occurred. Tenn. Code Ann. § 40-30-204(a) (1995 Supp.).

Finding that no error of law was committed by the trial court and that an opinion would have no precedential value, we affirm, pursuant to Tenn. Ct. of Crim. App. Rule 20, the trial court's dismissal of appellant's petition for a writ of habeas corpus.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
PAUL G. SUMMERS, Judge