IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION



**FILED**

**March 26, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

THOMAS HAROLD STIGER,        )
                                    )    No. 02-C-01-9702-CR-00053

       APPELLANT,        )

                                    )    Shelby County

v.                             )

                                    )    James C. Beasley, Jr., Judge

COMMISSIONER, TENNESSEE      )

DEPARTMENT OF CORRECTION,    )    (Habeas Corpus)

                                    )

       APPELLEE.         )


FOR THE APPELLANT:

Thomas Harold Stiger, pro <u>se</u>
P. O. Box 34550
Memphis, TN 38138

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue, North
Nashville, TN 37243-0493

Deborah A. Tullis
Assistant Attorney General
425 Fifth Avenue, North
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

Karen Cook
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103


OPINION FILED: _____


AFFIRMED PURSUANT TO RULE 20


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Thomas Harold Stiger (petitioner), appeals as of right from the summary dismissal of his habeas corpus action. The trial court dismissed the action because (a) the petitioner failed to comply with the requirements of Tenn. Code Ann. §§ 29-12-101, et seq. and (b) the petitioner is a federal prisoner and was confined to a federal penal institution when the petition was filed. In this court, the petitioner contends Tenn. Code Ann. §§ 29-21-101 and -102 are unconstitutionally "vague or indefinite," and the trial court erred by applying Tenn. Code Ann. §§ 29-21-101 and -102 to dismiss his habeas corpus action. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

The judgments of conviction are not void on their face and the sentences expire on March 27, 2003, according to the exhibits attached to the petition. See Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). In addition, the petitioner is presently serving a federal sentence, and he is confined to a Federal Bureau of Prisons facility. Tenn. Code Ann. § 29-21-102.


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE