# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

FILED

September 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| JACKIE R. ROBINSON, | ) | C.C.A. NO. 01C01-9711-CR-00525 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| MICHAEL DUTTON, Warden, | ) | JUDGE |
| and STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (HABEAS CORPUS) |

FOR THE APPELLANT:

**JACKIE R. ROBINSON,** *pro se*
RMSI Unit 6
7475 Cockrill Bend
Industrial Road
Nashville, TN  37209-1010

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Jackie Robinson, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. We affirm the judgment of the trial court.

Petitioner filed a pro se writ of habeas corpus on March 13, 1995. Petitioner claims that the Tennessee Board of Paroles violated his rights to due process and equal protection in violation of the fifth, sixth and fourteenth amendments to the United States Constitution. Specifically, Petitioner claims that the Board refused to grant him due process during his most recent parole hearing by not giving him a continuance and by not providing him with counsel. He states that the Board's "actions and inactions" denied him his "rights of earned good-time credits and other credits earned by the petitioner during his twenty-one (21) years of incarceration in the TDOC." He claims that the Board's actions forced him to lose his trustee status and affected his release eligibility date.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer, 851 S.W.2d at 164 (citation omitted in original). The petitioner has the burden of establishing either a void judgment or an illegal confinement by a preponderance of the evidence. Passarella, 891 S.W.2d at 627. Moreover, where a judgment is not

void, but is merely voidable, such judgment may not be collaterally attacked in a suit for habeas corpus relief. Id.

The claims presented by Petitioner are not cognizable under the habeas corpus statute. See Tenn. Code Ann. § 29-21-101 - 130. Petitioner does not allege in his petition that he is being illegally confined or that the judgment in his case was void. This Court has held that if it is clear from the face of the petition that the petitioner is not entitled to relief, then the trial court is not required to hold a hearing or inquire into the allegations in the petition, but may dismiss the petition summarily. Passarella, 891 S.W.2d at 627. We agree with the trial court's dismissal of Petitioner's petition.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
L.T. LAFFERTY, Special Judge