IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION



**FILED**

**December 7, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JIMMY JONES, JR., | ) | |
| | ) | C.C.A. No. 01C01-9804-CR-00162 |
| Appellant, | ) | |
| | ) | Sumner County |
| v. | ) | |
| | ) | Honorable Jane Wheatcraft, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Motion to Reopen Post-Conviction Petition) |
| Appellee. | ) | |

FOR THE APPELLANT:

Jimmy Jones, Jr., *pro se*
D.S.N.F. Unit 15-B
7575 Cockrill Bend Industrial Road
Nashville, TN 37209-1057

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
425 Fifth Avenue North
Nashville, TN 37243-0493

Kim R. Helper
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General
113 West Main Street
Gallatin, TN 37066-2803

Dee D. Gay
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066-2803

OPINION FILED: _____

AFFIRMED

L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, Jimmy Jones, Jr., appeals the dismissal of his *pro se* motion to reopen post-conviction petition or in the alternative a petition for habeas corpus relief by the Sumner County Criminal Court. In December, 1987, the appellant was convicted by a Sumner County jury on two counts of armed robbery and one count of burglary. The appellant received concurrent Range II sentences of forty-five years for the armed robbery convictions and fourteen years for the burglary conviction to run consecutively. On direct appeal, the appellant alleged trial errors as to (1) the sufficiency of the evidence to sustain the verdicts, (2) whether the trial court erred in limiting production of police reports, and (3) whether his effective sentence of fifty-nine years was excessive. In January, 1989, this court affirmed the judgment of the trial court in *State v. Jimmy Jones, Jr.,* Sumner County No. 88-58-III (Tenn. Crim. App., Nashville, January 11, 1989) *per. app. denied (*Tenn. 1989).

On November 29, 1990, the appellant filed a petition for post-conviction relief and after an evidentiary hearing, the trial court denied the petition. This court affirmed the trial court's decision in *Jimmy Jones, Jr. v. State,* Sumner County No. 01C01-9205-CC-00162 (Tenn. Crim. App., Nashville, April 15, 1993) *per. app. denied* (Tenn. 1993).

On February 20, 1998, the appellant filed a motion to reopen post-conviction petition or in the alternative a petition for habeas corpus relief. On March 24, 1998, the post-conviction court, in a preliminary order, dismissed the motion to reopen/petition.

We affirm the decision of the post-conviction court.

## LEGAL ANALYSIS

In his motion to reopen the petition for post-conviction relief, the appellant contends that the indictments for armed robbery and burglary were void for duplicity and the trial

court lacked jurisdiction to try these matters.

The post-conviction court dismissed the motion to reopen based on the following: (1) pursuant to Tenn. Code Ann. § 40-30-202(c), the prior petition was resolved by a court of competent jurisdiction and, therefore, any second or subsequent petition (motion) should be dismissed; (2) pursuant to Tenn. Code Ann. § 40-30-202(a) and (b), the petition (motion) is time barred; and (3) that the motion to reopen meets none of the requirements of Tenn. Code Ann. § 40-30-217.

Once a petition for post-conviction relief has been determined on its merits by a court of competent jurisdiction and denied, a petitioner may file a motion to reopen the petition under certain circumstances. Tennessee Code Annotated § 40-30-217(a)(1) and (2), Motions to Reopen, states:

> A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
>
> The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense of offenses for which the petitioner was convicted.

The appellant's new claims do not fall within any of the conditions of Tenn. Code Ann. § 40-30-217(a) in that the claims are not based on a new constitutional right or new scientific evidence. Also, the motion was not filed within one (1) year of the ruling of this court in 1993. The post-conviction court's order dismissing the motion is affirmed.

In its dismissal order, the post-conviction court did not address the alternative request of the appellant to consider the merits of a petition for habeas corpus relief. Habeas corpus relief is available only "when it appears upon the face of the judgment or

the record of the proceedings upon which the judgment is rendered" that the convicting court was without jurisdiction or authority to sentence a defendant, or that the defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). *See also Passarella v. State,* 891 S.W.2d 619, 627-28 (Tenn. Crim. App.), *per. app. denied (*Tenn. 1994). From a review of the indictment in this record, the appellant's argument as to the offenses being duplicitous is not valid. The five-count indictment alleged the appellant and two co-defendants robbed three persons at gunpoint and forced the manager of Shoney's Restaurant to open a locked safe on June 2, 1987.

The appellant's request for habeas corpus relief is subject to dismissal pursuant to Tenn. Code Ann. § 29-21-105 which states:

> The application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge.

The record establishes the appellant is an inmate in the Department of Correction in Davidson County.

The judgment of the post-conviction court is affirmed.

_____
L. T. LAFFERTY, SENIOR JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE