# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

DARREL HAYES,          )
)
      Petitioner,        )    C. C. A. NO. W1999-01850-CCA-R3-CO
)
vs.               )    LAKE COUNTY
)
STATE OF TENNESSEE,   )    No. 99-7900
)
      Respondent.    )

**FILED**

**January 12, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## O R D E R

This matter is before the Court upon motion of the state to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for a writ of habeas corpus. In May 1987, the petitioner was indicted on five counts of aggravated rape and two counts of aggravated sexual battery. The record reflects that he was found guilty by a jury in January 1988 on three counts of aggravated sexual battery and one count of aggravated rape, and received an effective forty-five year sentence. In his present petition, the petitioner claims 1) that the state should have been required to elect the particular offense on which it would rely for convictions and 2) that the trial court should have instructed the jury to decide upon the particular offenses of which the petitioner was guilty. The trial court dismissed the petition finding that these claims not proper subject for habeas corpus relief.

> Habeas corpus relief is available in Tennessee <u>only</u> when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

<u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). The record before us reflects that the convicting court had jurisdiction over this petitioner and that the petitioner's sentence has not expired. However, even if the petitioner's claims have merit, such claims render the judgment voidable, not void, and it may not be collaterally attacked in a suit for habeas corpus relief. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Moreover, when a petition for a writ of habeas corpus fails to state a cognizable claim, the trial court may summarily dismiss the petition. <u>See Id</u>.

Accordingly, it is hereby ORDERED that the state's motion is granted and

the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.  Since the record reflects the petitioner is indigent, costs of this proceeding shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE