IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 13, 2005

## WILLIAM CHASE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 02-03330    James C. Beasley, Jr., Judge**

_____

**No. W2004-02947-CCA-R3-PC  - Filed November 17, 2005**

_____

The petitioner, William Chase, appeals the summary dismissal of his petition for post-conviction relief. Because the post-conviction court erred by concluding that it was without jurisdiction to consider the petition, the judgment must be reversed and the cause remanded.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed and Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

William Chase, Pollock, Louisiana, pro se.

Paul G. Summers, Attorney General & Reporter; and Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 23, 2003, the petitioner entered pleas of guilty to two counts of theft of property and one count of aggravated burglary. Pursuant to a plea agreement, the trial court imposed a Range III, effective sentence of twenty-six years. Approximately one year later, the petitioner filed a petition for post-conviction relief alleging that he was denied the effective assistance of counsel, asserting that his guilty pleas were not knowing and voluntary, and contending that he is actually innocent of the charges. The post-conviction court summarily dismissed the petition, concluding that it was without jurisdiction to hear the challenge:

> This cause came on to be heard on the Petition for Post Conviction Relief
> filed by the petitioner. The petitioner is presently incarcerated in the Federal system
> and is serving a federal sentence. Under the laws of the State of Tennessee the Court
> has no jurisdiction over the defendant/petitioner and could not grant the relief
> requested even if it had merit. Therefore the Court must dismiss the petition for post
> conviction relief for failure to state a colorable claim under the laws of the State of

Tennessee because the law requires that the Court have jurisdiction over the petitioner by being a State prisoner.

In this appeal, the defendant asserts that the post-conviction court erred by summarily dismissing his petition. In its response, the state does not defend the correctness of the post-conviction court's ruling but instead urges an affirmance on the basis that the petition was filed outside the statute of limitations.

Although the state asserts that the petition for post-conviction relief was filed on September 28, 2004, five days past the one-year statute of limitations, the record does not substantiate the claim. The petition does not bear a file-stamp or any other marking that would indicate the date of filing. The petition was signed and dated by the petitioner on September 16, 2004, one week before the statutory limitations period expired.[1] The office of the district attorney general did not assert the statute of limitations as an affirmative defense and the petition was not dismissed on this ground. Absent proof that the petition was not timely, this court must presume that the petition was filed within the one year time limit.

As indicated, the post-conviction court dismissed the petition because the petitioner is currently incarcerated in a federal prison. The record establishes that the petitioner entered pleas of guilty to two counts of theft over $1000 and one count of aggravated burglary. Pursuant to a plea agreement, his Range III, effective sentence of twenty-six years was to be served concurrently to the sentence received in case number 02-20209 in the United States District Court for the Western District of Tennessee.

In McCray v. State, 504 S.W.2d 773 (Tenn. Crim. App. 1973), this court considered the jurisdiction of the post-conviction court under similar circumstances. McCray entered guilty pleas in both the Knox County Criminal Court and the United States District Court for the Eastern District of Tennessee. The Knox County Criminal Court ordered that the state sentences be served concurrently to the federal sentences. McCray later petitioned for post-conviction relief from his state convictions and the petition was dismissed for lack of jurisdiction because he was incarcerated in a federal penitentiary. This court reversed the post-conviction court, concluding that because McCray was "under multiple [s]tate sentences, being expressly served in part (concurrently) in the federal prison, and there subject to detainers that will restore him immediately to State custody at the conclusion of his federal sentence, we believe him to be 'in custody' sufficiently to have status to use the Act." Id. at 775; see also David F. Kimberly v. State, No. 01C01-9408-CC-00298 (Tenn. Crim. App., at Nashville, Mar. 10, 1995) (holding that "'in custody' includes confinement in a federal penitentiary or other state penitentiary that precedes any consecutive Tennessee prison sentence"); Francis Ross v. State, No. 02C01-9303-CC-00047 (Tenn. Crim. App., at Jackson, Feb. 2, 1994); Paul R. Spence v. State, No. 968 (Tenn. Crim. App., at Knoxville, Nov. 3, 1991).

---

[1] See Tenn. Sup. Ct. R. 28 § 2(G) (2004) ("If papers required or permitted to be filed by these rules are prepared by . . . a pro se petitioner incarcerated in a correctional facility . . . filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.").

In our view, this case is indistinguishable from <u>McCray</u>. The petitioner is currently incarcerated in a federal prison serving concurrent state and federal sentences. Should the federal sentence expire prior to the state sentence, the petitioner will be restored to state custody. In consequence, it is our view that the post-conviction court erred by dismissing the petition based upon a lack of jurisdiction.

Accordingly, the judgment of the post-conviction court is reversed. The cause is remanded to that court for the appointment of counsel and the filing of an amended petition, if necessary.

                                        _____

GARY R. WADE, PRESIDING JUDGE