# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1997 SESSION

FILED

July 21, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

DONALD RAY TURNER,           )
                             )     C.C.A. NO.  03C01-9605-CC-00205
          Appellant,         )
                             )     JOHNSON COUNTY
VS.                          )
                             )     HON. LYNN W. BROWN,
STATE OF TENNESSEE,          )     JUDGE
                             )
          Appellee.          )     (Habeas Corpus)


FOR THE APPELLANT:                    FOR THE APPELLEE:


**DONALD RAY TURNER, pro se**          **JOHN KNOX WALKUP**
Inmate # 150280, unit 10-233          Attorney General & Reporter
P.O. Box 5000
Northeast Correctional Center         **ELIZABETH T. RYAN**
Mountain City, TN  37683              Asst. Attorney General
                                      450 James Robertson Pkwy.
                                      Nashville, TN  37243-0493

                                      **DAVID CROCKETT**
                                      District Attorney General
                                      Route 19, Box 99
                                      Johnson City, TN  37601


OPINION FILED:_____


**AFFIRMED:  RULE 20 ORDER**


JOHN H. PEAY,
Judge

# O R D E R

On January 25, 1991, the petitioner pled guilty to numerous forgery charges. He filed a petition for writ of habeas corpus on February 22, 1996. This petition was dismissed on April 1, 1996. It is from this dismissal that he now appeals. Upon review of the record in this cause, we conclude that this is an appropriate case for affirmance under Rule 20.

In his petition for habeas corpus, the petitioner alleged that his guilty plea was unconstitutional because his defense counsel was ineffective and because another person, the defendant's nephew, had actually committed the crimes in question.

The trial court correctly dismissed the petition on the grounds that habeas corpus relief is available in Tennessee only when it appears on the face of the judgment or record that the trial court was without jurisdiction to convict or sentence the petitioner, or that the sentence of imprisonment has expired. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Moreover, "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). The petitioner's allegations, if proven, would render his conviction voidable rather than void. Thus, the trial court properly dismissed the petition for writ of habeas corpus.

The judgment of the trial court is affirmed under Rule 20 of the Tennessee Court of Criminal Appeals. This cause is remanded to the Circuit Court of Johnson

2

County for execution of the judgment of that court. It appearing that the petitioner is indigent, costs of the appeal will be paid by the State, for which let execution issue.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
J. CURWOOD WITT, JR., Judge