IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY SESSION, 1997

FILED

September 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

OSCAR ELLIS, JR.,               )    C.C.A. NO. 02C01-9602-CR-00046
                               )
        Appellant,             )
                               )    SHELBY COUNTY
                               )
V.                             )
                               )    HON. L. T. LAFFERTY, JUDGE
STATE OF TENNESSEE,            )
                               )
        Appellee.              )    (POST-CONVICTION)

FOR THE APPELLANT:                  FOR THE APPELLEE:

OSCAR ELLIS, JR., pro se            JOHN KNOX WALKUP
Inmate #25042-83                    Attorney General & Reporter
F.C.I. Memphis
P.O. Box 34550 (TN-B)               M. ALLISON THOMPSON
Memphis, TN  38184-0550             Assistant Attorney General
                                    2nd Floor, Cordell Hull Building
                                    425 Fifth Avenue North
                                    Nashville, TN  37243

                                    JOHN W. PIEROTTI
                                    District Attorney General

                                    KAREN COOK
                                    Assistant District Attorney General
                                    201 Poplar Avenue, Ste. 301
                                    Memphis, TN  38103

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Oscar Ellis, Jr., appeals the order of the Shelby County Criminal Court dismissing his *pro se* petition to vacate his guilty plea or in the alternative for post-conviction relief. The trial court treated the petition as one for post-conviction relief and summarily dismissed it as barred by the statute of limitations. The Petitioner's primary argument on appeal is that the Post-Conviction Procedure Act that became effective May 10, 1995, gives him a new one-year time period in which to file a Petition for Post-Conviction Relief. After a review of the record, we affirm the lower court's denial of post-conviction relief.

On June 25, 1976, Petitioner waived a jury trial and pled guilty to four counts of robbery with a deadly weapon and one count of grand larceny. He was sentenced to five five-year sentences which ran concurrently. These prior convictions apparently were used to enhance his punishment for subsequent federal offenses for which he is now incarcerated at the Federal Correctional Institution in Memphis, Tennessee. On December 21, 1995, Petitioner filed a *pro se* petition seeking post-conviction relief. The trial court subsequently dismissed the petition as being barred by the three-year statute of limitations.

The record supports the trial court's finding that the petition is time- barred. In July 1986, the Tennessee Legislature enacted a three-year statute of limitations on post-conviction petitions. Tenn. Code Ann. § 40-30-102 (repealed 1995); see also Passarella v. State, 891 S.W.2d 619, 624 (Tenn. Crim. App.),

perm. to appeal denied, (Tenn. Nov. 28, 1994). Petitioner's convictions and sentences were effective on June 25, 1976, and he did not appeal any of the convictions. Under the 1986 statute, Petitioner had 3 years from July 1, 1986 to file a cognizable claim for post-conviction relief of the 1976 convictions. Tenn. Code Ann. § 40-30-102 (repealed 1995). Therefore, in order to prevail, Petitioner must have filed a petition by July 1, 1989, to toll the running of the statute. The petition in the instant case was filed on December 21, 1995, well past the three-year statute of limitations. Thus, the Petitioner is barred from seeking post-conviction relief.

We reject Petitioner's argument that the new Post-Conviction Procedure Act, effective May 10, 1995, grants an additional one-year period, until May 10, 1996, to file a post-conviction petition. Tenn. Code Ann. § 40-30-201 et seq. (Supp. 1996). The new Act does not revive previously time-barred post-conviction relief claims. Arnold Carter v. State, No. 03-S-01-9612-CR-00117 (Tenn. at Knoxville, Sept. 8, 1997); see also Wolfenbarger v. State, No. 03C01-9603-CC-00124 (Tenn. Crim. App. at Knoxville, Apr. 1, 1997) (Rule 11 application filed, June 3, 1997); Carter v. State, No. 01C01-9511-CC-00398 (Tenn. Crim. App. at Nashville, Feb. 12, 1997); Pendleton v. State, No. 01C01-9604-CR-00158 (Tenn. Crim. App. at Nashville, Feb. 12, 1997) (Rule 11 application filed, Mar. 24, 1997); Blake v. State, No. 03C01-9603-CR-00110 (Tenn. Crim. App. at Knoxville, Feb. 12, 1997) (Rule 11 application filed, Feb. 27, 1997); Koprowski v. State, No. 03C01-9511-CC-00365 (Tenn. Crim. App. at Knoxville, Jan. 28, 1997) (Rule 11 application filed, Jan. 30, 1997).

Even though the instant petition was filed after the effective date of the new Act, the applicable three-year statute of limitations in the 1986 Act barred the Petitioner's post-conviction relief prior to May 10, 1995. Petitioner suggests that this provision provides every person convicted of an offense in Tennessee another opportunity to attack his conviction. If Petitioner had any claims he wished to present in a post-conviction cause of action, they expired on July 1, 1989, for the 1976 convictions. After that date, Petitioner no longer had a claim under either the old or the new act. Under the authority cited above, the 1995 Act will not revive a claim which is already time-barred.

Accordingly, we affirm the judgment of the trial court and hold that the Petitioner's petition for post-conviction relief is time-barred by the applicable three-year statute of limitations under the 1986 Act.

_____
THOMAS T. WOODALL, Judge

CONCUR:


_____
GARY R. WADE, Judge


_____
JOHN H. PEAY, Judge