# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION



**FILED**

**October 20, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**RAY DARRIS THOMPSON,**

     Appellant,

V.

**FRED J. RANEY, WARDEN,**

     Appellee.

) C.C.A. No. 02C01-9608-CC-00249
)
) Lake County
)
) Honorable Joe G. Riley, Jr., Judge
)
)
) (Habeas Corpus-Rape)
)

FOR THE APPELLANT:

Mark A. Mesler
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
P.O. Drawer E
Dyersburg, TN 38024

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In May 1975 the appellant, Ray Darris Thompson, was convicted by a jury of rape. He received a seventy-five year sentence. In June of 1996 he filed a petition for writ of habeas corpus. The trial court dismissed the petition finding that the conviction was not void and that the appellant's sentence had not expired. He appeals this dismissal. Upon review, we affirm the judgment of the trial court.

The appellant contends that his conviction is void because the trial judge failed to exercise his duty as thirteenth juror. He claims that after the jury found him guilty of rape the trial judge approved the verdict after stating that he disagreed with the jury's decision.

We first note that habeas corpus relief is limited to cases where the judgement is void or the petitioner's sentence has expired. Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). Even if we assume the appellant's allegations true, his conviction would not be void. If a trial judge fails to exercise his role as thirteenth juror, the appellant's conviction would be voidable and he would be entitled to a new trial. Therefore, the appellant fails to allege a cognizable claim for habeas corpus relief.

Furthermore, the appellant has failed to provide this Court with a transcript of the proceedings in which the trial judge expressed dissatisfaction with the jury's verdict. Without a transcript it is impossible for this Court to determine the merits of the appellant's claim. Tenn. Ct. Crim. App. Rule 10.

Accordingly, we find no error of law mandating reversal. The judgment of the trial court is affirmed.

                                    _____
                                    PAUL G. SUMMERS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID G. HAYES, Judge