IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

BRUCE BELK,                    )
                               )
              APPELLANT,       )
                               )    No. 03-C-01-9703-CR-00109
                               )
                               )    Morgan County
v.                             )
                               )    E. Eugene Eblen, Judge
                               )
                               )    (Habeas Corpus)
CHARLES JONES, WARDEN          )
                               )
              APPELLEE.        )


FOR THE APPELLANT:                    FOR THE APPELLEE:

Robert N. Meeks                       John Knox Walkup
Attorney at Law                       Attorney General & Reporter
P.O. Box 8086                         500 Charlotte Avenue
Chattanooga, TN 37414                 Nashville, TN 37243-0497

                                      Michael J. Fahey, II
                                      Assistant Attorney General
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      Charles E. Hawk
                                      District Attorney General
                                      P.O. Box 703
                                      Kingston, TN 37763-0703

                                      Frank A. Harvey
                                      Assistant District Attorney General
                                      P.O. Box 703
                                      Kingston, TN 37763-0703


OPINION FILED:_____


AFFIRMED


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Bruce Belk[1] (petitioner), appeals as of right from a judgment of the trial court denying his action for habeas corpus relief.  He presents one issue for review: "[T]he charging indictment failed to contain or state the essential mens rea elements of the offense as required by T.C.A. 40-13-202, thus rendering appellant's subsequent conviction and plea agreement void."  After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed.

The remedy sought by the petitioner, habeas corpus, was not available to him.  The Hamilton County judgment is not void for the reasons outlined in the petition for the writ of habeas corpus.  When the court rendering the judgment in question has jurisdiction of the defendant's person, jurisdiction of the subject matter (the crime), and has the authority to make the challenged judgment, the judgment is voidable, not void.  Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App.), per. app. denied (Tenn. 1994).  Thus, the only remedy available to the petitioner was post-conviction relief.

This court parenthetically notes that if the petitioner had pursued the post-conviction remedy, he would not be entitled to relief.  The Tennessee Supreme Court recently held the indictment, found to be defective in State v. Roger Dale Hill, Sr., Wayne County No. 01-C-01-9508-CC-00267, 1996 WL 346941 (Tenn. Crim. App., Nashville, June 20, 1996), was sufficient to allege the offense of aggravated rape, the same offense alleged in this case.  State v. Hill, _____ S.W.2d _____ (Tenn. 1997).  The indictment in this case is almost identical to the indictment in Hill.  They charge the same offense.  Thus, the indictment in this case properly alleged the offense of aggravated rape.

_____
JOE B. JONES, PRESIDING JUDGE

_____

[1]The appellant was indicted under the name "Bruce D. Belk."  "Bruce Belk" and "Bruce D. Belk" are the same person.

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
CURWOOD WITT, JUDGE