IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION



**FILED**

**December 30, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

MARK LEE TYRE,          )
                             )
          APPELLANT,        )
                             )    No. 02-C-01-9702-CC-00057
                             )
                             )    Lake County
v.                           )
                             )    J. Steven Stafford, Judge
                             )
                             )    (Habeas Corpus)
BILLY COMPTON, WARDEN,   )
                             )
          APPELLEE.        )

FOR THE APPELLANT:

Mark Lee Tyre, Pro Se
Lake County Reception Correctional Facility
Route 1, Box 330
Tiptonville, TN 38079

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Elizabeth T. Ryan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

C. Phillip Bivens
District Attorney General
P. O. Drawer E
Dyersburg, TN 38024

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

Joe B. Jones, Presiding Judge

# OPINION

The appellant, Mark Lee Tyre (petitioner), appeals as of right from a judgment of he trial court summarily dismissing his action for habeas corpus relief. The trial court held the petitioner is not entitled to habeas corpus relief because his sentences have not expired, and the judgments entered in his case are not void upon the face of the judgments. The petitioner contends he is entitled to maintain an action for habeas corpus to contest the validity of the indictments based upon this court's decision in State v. Roger Dale Hill, Sr., Wayne County No. 01-C-01-9508-CC-00267 (Tenn. Crim. App., Nashville, June 20, 1996). He argues the two counts of the indictment in question failed to set forth the requisite mens rea.

It has long been established that the remedy of habeas corpus is limited in scope as well as relief. Archer v. State, 851 S.W.2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.), per. app. denied (Tenn. 1994). In criminal cases, the remedy is available if (a) the judgment is void or (b) the sentence has expired. Passarella, 891 S.W.2d at 626. If the petition fails to establish one of these grounds for relief, the trial court may dismiss the action without an evidentiary hearing. Passarella, 891 S.W.2d at 827.

In this case, the grounds for relief are cognizable in a post-conviction action, not an action for habeas corpus. Therefore, the trial court properly summarily dismissed the action for post-conviction for relief. Given these circumstances, this court is of the opinion the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
JERRY L. SMITH, JUDGE



_____
CURWOOD WITT, JUDGE

2