IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JAMES A. UHLES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wayne County**
**No. 97-B-1232-Ct. II      Robert L. Jones, Judge**

---

**No. M2004-02002-CCA-R3-HC - Filed January 6, 2005**

---

The Defendant, James A. Uhles, appeals from the trial court's denial of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

James A. Uhles, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Mike Bottoms, District Attorney General; and Michelle Chapman McIntire, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Defendant, James A. Uhles, pleaded guilty to and was convicted of one count of rape of a child on February 19, 1998. Pursuant to his plea agreement, he received a sentence of eighteen years in the Department of Correction. On June 3, 2004, the Defendant filed a petition seeking habeas corpus relief. He alleged that his conviction was void because of a defective indictment, that his plea agreement was invalid because the trial court did not "sign off" on the agreement, and that his eighteen-year sentence for his Class A felony conviction is illegal and void. The State filed a motion to dismiss the petition, asserting that the allegations in the petition did not establish that the Defendant's conviction was void or that his sentence had expired. The trial court granted the State's motion and entered an order dismissing the petition. It is from this order that the Defendant appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and our statutes codify the applicable procedures for seeking a writ. Tenn. Code Ann. §§ 29-21-201 *et seq.* However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Defendant contends that the indictment charging him is defective because it was not signed by the District Attorney General or the trial court clerk. We note that the copy of the indictment attached to the petition appears to contain the signature of the District Attorney General. However, even if the indictment was unsigned as alleged, such defects do not render an indictment void. In addition, the petitioner has waived this issue because he did not raise it prior to pleading guilty. Accordingly, this issue is without merit.

The Defendant also asserts that the plea agreement is invalid because the trial court failed to "sign off" on the plea agreement, however, one of the orders attached to the petition contains a finding by the trial court that the plea of guilty was "acceptable" to the court. This issue is without merit.

Finally, the Defendant alleges that the minimum sentence for child rape is twenty-five years, and thus argues that his eighteen-year sentence is illegal. The Defendant's allegation is incorrect. The possible sentencing range for a Class A felony at the time of the Defendant's conviction was fifteen to sixty years. See Tenn. Code Ann. § 40-35-112. The Defendant did not receive an illegal sentence.

The indictment and judgment of conviction contained in the record are valid on their face. There is nothing on the face of the judgment or the record of the proceedings on which the judgment is rendered which establishes that the trial court was without jurisdiction or authority to sentence the Defendant. This court concludes that the petition for habeas corpus relief was properly dismissed.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

 

 

_____
DAVID H. WELLES, JUDGE