# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARIO JOSE RICHARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 3429     Joseph H. Walker, III, Judge**

---

**No. W2009-00863-CCA-R3-PC   -   Filed September 1, 2009**

---

The petitioner, Mario Jose Richards, was convicted of second degree murder in 1998 and sentenced to twenty years as a violent offender.  Apparently, he filed two petitions for post-conviction relief in 2001 and a third, the dismissal of which is the basis for this appeal, in 2009.  The post-conviction court dismissed the petition without a hearing.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  We conclude that the State's motion is well-taken and, accordingly, affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Mario Jose Richards, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner's complicated path, leading to this appeal, was set out by the post-conviction court in its order dismissing the petition:

> The [petitioner] filed a Petition for Post Conviction Relief on April 1, 2009.

> The [petitioner] was charged with First Degree Murder, and found guilty by a jury of Second Degree Murder on April 9, 1998, and received a sentence on May 6, 1998, of 20 years as a violent offender.  The [petitioner] desired to waive appeal, and on July 27, 1998, a hearing was conducted wherein the [petitioner] testified that

he was satisfied with the services of his attorney and waived appeal. He executed a written waiver of appeal.

On February 3, 2000, he filed a Motion for Appeal as of Right. This was eighteen months after appearing in Court and waiving his right to appeal. The Court entered an Order denying his delayed appeal, and a copy was sent to [the petitioner]. He did not appeal the denial.

On April 17, 2001, he apparently filed again for delayed appeal. On June 20, 2001, he apparently filed a petition alleging that failure to file an appeal constitutes ineffective assistance of counsel. On September 14, 2001, he filed again for delayed appeal. On November 1, 2001, he filed a petition for [p]ost [c]onviction [r]elief.

The court lacks the jurisdiction to hear the claim for post-conviction relief, since claims for post-conviction must be filed within one year. T.C.A. 40-30-202. Even if the court treats the petition as an amendment to the June 20, 2001 petition alleging ineffective assistance grounds, the [petitioner] is in no better position, as the first petition was not filed with[in] one year of the sentence becoming final.

The Court has examined the petition, and the entire file, and finds that the [petitioner] was not unconstitutionally denied appeal so as to gain appeal of the jury verdict, per T.C.A. 40-30-213. There was a hearing in July 1998 where the [petitioner] was appraised [sic] of his right to appeal, and he testified that he wished to waive his right to appeal. This Court has no authority to just grant a delayed appeal, as stated in the other orders entered herein. Petition for Post Conviction Relief was filed November 1, 2001 and dismissed.

It is therefore ORDERED that the petitions are dismissed. The petitions for relief from conviction are dismissed. The Petition for Post Conviction Relief is dismissed, per T.C.A. 40-30-202.

The petitioner's issues on appeal are his claims that the post-conviction court erred: (1) by dismissing the petition "without first providing appointed counsel to fully develop stated claims, investigate any additional claims, certify there are none after conducting said investigation, and to render any necessary amendments to the petition"; and (2) by dismissing the petition "without first providing the requested criminal transcripts motioned for to and from [sic] trial [c]ourt by petitioner-appellant for purposes of this appeal."

In his brief, the petitioner responds to the determination of the post-conviction court that he has filed a previous petition for post-conviction relief:

On March 25, 2008, [the] trial court issued [an] order dismissing [the petitioner's] cause of action – without appointment of counsel – no opportunity to make any

amendments – without any evidentiary hearing – and without clearly stating in the order of dismissal whether the Court considered the petition as being a petition for Post-Conviction Relief, or for Writ of Habeas Corpus, in which both require differing levels of proof of claims and of appeal methods. As a few prime examples of the vastly differing methods involved: If the Court decided the petition was a petition for post-conviction relief – petitioner should now be using petition to re-open his post-conviction to present new claims instead of this current initial and first petition for post-conviction relief, and on the other hand had the Court decided the petition was a petition for issuance of writ of habeas corpus that would also mean the petitioner has never filed his first petition for post-conviction relief and is currently correctly pursuing his available avenue for possible relief as his initial petition for post-conviction relief.

Adopting the petitioner's reasoning, this latest filing by the petitioner may be viewed as a new petition for post-conviction relief, as a motion to reopen his previous petition, or as a petition for writ of habeas corpus. Regardless of which view is adopted, however, we conclude, as we will explain, that the record supports the post-conviction court's dismissal of the petition.

First, if we treat this matter as a new petition for post-conviction relief, it is barred because the petitioner is limited to a single petition for post-conviction relief per judgment. Leslie v. State, 36 S.W.3d 34, 37 (Tenn. 2000) (citing Tenn. Code Ann. § 40-30-202(c) (1997)). The petition cannot proceed as an attempt to reopen his previous petition for post-conviction relief because it fails to allege a ground upon which such petition may be granted. See Tenn. Code Ann. § 40-30-117 (2006); see also Tenn. Sup. Ct. R. 28, § 2(C). Additionally, this latest filing would be unsustainable, for it would be an attempt to reopen a previous petition, which was untimely. If the complaint is viewed as a petition for writ of habeas corpus relief, it likewise cannot be sustained, for such relief is not available for a claim of ineffective assistance of counsel. See, e.g., Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994) (claims of ineffective assistance of counsel render a judgment voidable, not void).

Accordingly, we conclude that the record supports the dismissal of the petition by the post-conviction court.

## CONCLUSION

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE