# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1998

FILED

August 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| EARL E. COLLIER, | ) | C.C.A. NO. 03C01-9710-CR-00464 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | MORGAN COUNTY |
| VS. | ) | |
| | ) | HON. E. EUGENE EBLEN |
| CHARLES JONES, Warden, | ) | JUDGE |
| and, STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

## ON APPEAL FROM THE JUDGMENT OF THE CRIMINAL COURT OF MORGAN COUNTY

FOR THE APPELLANT:

EARL E. COLLIER, Pro Se
P.O. Box 2000
Wartburg, TN 37887-2000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243-0493

CHARLES E. HAWK
District Attorney General

FRANK A. HARVEY
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Earl E. Collier, appeals as of right the trial court's dismissal of his petition for writ of habeas corpus. Defendant argues the following four issues in this <u>pro</u> <u>se</u> appeal: (1) his convictions violate due process and double jeopardy interests relevant to the multiplicitous and facially invalid indictments brought against him; (2) his convictions were due to a violation of his right to the effective assistance of counsel; (3) his convictions violate his right against self-incrimination; and (4) the facts do not support his conviction for aggravated kidnapping. We affirm the judgment of the trial court.

According to Defendant's petition, on January 3, 1990, he pleaded nolo contendere to and was convicted of two counts of armed robbery, two counts of aggravated kidnapping and one count of aggravated assault. He received an effective sentence of twenty (20) years. The trial court summarized his numerous complaints in his petition as (1) illegal, multiplicitous charges and (2) ineffective assistance of counsel. The trial court determined that the issues presented did not merit habeas corpus relief.

Habeas corpus relief is available under Tennessee law only when a convicting court is without jurisdiction or authority to sentence a defendant or when that defendant's term of imprisonment or restraint has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). There is nothing in this record that demonstrates that the convicting court was without jurisdiction or authority to sentence the Defendant to the effective sentence of twenty years in confinement

for the convictions which he received on January 3, 1990. The sufficiency of an indictment cannot be tested in a habeas corpus proceeding. See Haggard v. State, 475 S.W.2d 186, 187 (Tenn. Crim. App. 1971). Because the trial court had jurisdiction in the case sub judice, Defendant's other allegations, if meritorious, would render his convictions voidable rather than void, thus making the issues inappropriate for habeas corpus relief. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, there is nothing contained in this record which demonstrates that the Defendant's term of imprisonment or restraint has expired. Therefore, we cannot conclude that the trial court erred by dismissing the Defendant's petition and denying the Defendant habeas corpus relief.

The judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOSEPH M. TIPTON, JUDGE