# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MACK TRANSOU v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-08-330     Roy Morgan, Judge**

---

**No. W2008-02713-CCA-R3-HC - Filed July 9, 2009**

---

The petitioner, Mack Transou, appeals the Madison County Circuit Court's dismissal of his petition for writ of habeas corpus. The State has filed a motion requesting that this court affirm the order pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Mack Transou, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa S. Roberge, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 22, 1999, the petitioner pled guilty to driving after being declared a habitual motor vehicle offender for which the Madison County Circuit Court imposed a two year sentence, ninety days of which were to be served in the county jail and the remainder to be served in Community Corrections. A blood sample was taken during the petitioner's intake in order to provide a DNA sample pursuant to T.C.A. § 40-35-201. The sample was provided to the Tennessee Bureau of Investigation where the petitioner's DNA profile was entered into CODIS, the local, state, and national database of DNA profiles collected from crime scenes and convicted offenders.

In May 2002, the petitioner was arrested based on a match between the petitioner's DNA and the DNA profile in CODIS for two unsolved rapes that occurred on December 23, 2001, and March 17, 2002. The petitioner was found guilty by a Madison County jury of one count of aggravated burglary and one count of rape arising from the December 2001 incident, and one count of rape and one count of sexual battery arising from the March 2002 incident. The petitioner's convictions were affirmed by this court on direct appeal. State v. Mack T. Transou, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345 (Tenn. Crim. App., at Jackson, May 13, 2005); State v. Mack T. Transou, No. W2004-01475-CCA-R3-CD (Tenn. Crim. App., at Jackson, June 30, 2005). The Tennessee

Supreme Court granted permission to appeal in both cases, and in both cases upheld the petitioner's convictions and sentences. State v. Scarborough, 201 S.W.3d 607 (Tenn. 2006). On July 15, 2005, the petitioner filed his first application for writ of habeas corpus relief which was denied by this court. Mack T. Transou v. State, No. W2005-01935-CCA-R3-HC, 2006 WL 561401 (Tenn. Crim. App., at Jackson, Mar. 7, 2006) perm. to appeal denied, (Tenn. May 30, 2006).

On November 3, 2008, the petitioner filed another petition for a writ of habeas corpus in the Circuit Court for Madison County claiming that his DNA was collected illegally. Currently, the petitioner is incarcerated at Riverbend Maximum Security Prison in Davidson County, Tennessee. The habeas court dismissed the petition based on the following: (1) the petitioner was seeking to address issues previously litigated "numerous times [] pretrial, on appeal during post conviction and in a previous habeas corpus petition"; (2) the petition was filed in the wrong county; and (3) because the petition was not sworn. Thirty-five days after the habeas court denied relief, the petitioner filed a notice of appeal to this court.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83.

> In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citations omitted).

Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void.

<u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), <u>superseded by statute as stated</u> in <u>State v. Steven S. Newman</u>, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Here, the State asserts that the petitioner did not comply with the procedural requirements under Tennessee Code Annotated section 29-21-107 because the affidavit attached to the petition was not notarized, the petitioner failed to state that the legality of his confinement had not already been adjudged, and the petition was not filed in the appropriate county. Moreover, the State argues that the collection of the petitioner's DNA has previously been adjudicated on direct appeal or in prior habeas actions and should not be re-litigated. We agree.

Following our review of the record and the applicable authorities, we conclude that the petitioner is not entitled to habeas corpus relief, and the habeas court's dismissal of the petition was proper. As an initial matter, the petitioner failed to verify the application for the writ of habeas corpus by providing a proper affidavit. <u>See</u> T.C.A. § 29-21-107(a). An affidavit is defined in <u>Black's Law Dictionary</u> as "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." <u>Black's Law Dictionary</u> (8th ed. 2004). The petitioner offered as an affidavit a document that was not notarized. As such, it is insufficient to satisfy the affidavit requirement of the habeas corpus statute. In addition, the petitioner did not state that to the best of his knowledge and belief that the legality of his restraint has not already been adjudged upon a prior proceeding of the same character. <u>See</u> T.C.A. § 29-21-107(b)(4). We note here that the petitioner failed to state that he had previously filed a habeas corpus petition, arguing largely the same grounds for relief and had been denied relief by this court. <u>See</u> <u>Mack Transou v. State</u>, No. W2005-01935-CCA-R3-HC, 2006 WL 561401, at *2 (Tenn. Crim. App., at Jackson, March 7, 2006) <u>perm. to appeal denied</u>, (Tenn. May 30, 2006). Finally, the petitioner did not make the application "to the court or judge most convenient in point of distance to the applicant," and failed to provide "a sufficient reason . . . in the petition for not applying to such court or judge." T.C.A. § 29-21-105. We have repeatedly held that the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. <u>Summers</u>, 212 S.W.3d at 260 (citation omitted). Therefore, we conclude the habeas court's summary dismissal of the petition in this case was proper because it failed to comply with the procedural requirements of habeas corpus relief. <u>Id.</u>

Next, though not entirely clear from the petitioner's brief, to the extent that he argues the collection of his DNA was improper or unconstitutional, we conclude that this issue has been previously adjudicated, and therefore without merit. <u>See</u> <u>State v. Scarborough</u>, 201 S.W.3d 607, 625 (Tenn. 2006) (holding <i>inter alia</i> that "the trial court did not err in refusing to suppress the evidence obtained as a result of the September 1999 blood draw to which Transou consented.") A previous adjudication bars a petitioner from raising the issue anew in a denial of habeas corpus review. <u>Bryan Pearson v. State</u>, No. E2005-02606-CCA-R3-HC, 2006 WL 1439613, at *2 (Tenn. Crim. App., at Knoxville, May 25, 2006) <u>perm. to appeal denied</u>, (Tenn. Oct. 2, 2006). Moreover, the admissibility of DNA evidence is an issue that would render a judgment voidable, not void, and, thus, may not constitute a ground for habeas corpus relief. <u>Mack Transou v. State</u>, No. W2005-01935-CCA-R3-HC, 2006 WL 561401, at *2 (Tenn. Crim. App., at Jackson, Mar. 7, 2006). Accordingly, this petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE