**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

| | | |
|---|---|---|
| **LAWRENCE TUCKER**, | ) | |
| Petitioner, | ) | **C. C. A. NO. W1999-02396-CCA-R3-CD** |
| vs. | ) | **SHELBY COUNTY** |
| **STATE OF TENNESSEE**, | ) | **No. P-21350** |
| Respondent. | ) | |

**O R D E R**

**FILED**

**February 2, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

This case came to be heard on the motion of the State of Tennessee for an affirmance of the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. In November 1997, the petitioner pleaded guilty to possession of marijuana with intent to deliver. Pursuant to his plea agreement, he was sentenced to one year at thirty percent (30%), with this sentence to be served consecutively to a sentence from Texas. The petitioner was apparently returned to Texas following his guilty plea, but Tennessee authorities have lodged a detainer against him providing for his return to serve his Tennessee sentence upon completion of his Texas sentence.

In May 1999, the petitioner filed a pro se "Original Petition Post Conviction Writ of Habeas Corpus." Through this petition, he contends that his guilty plea was involuntary in that he understood its terms to be different than he has since learned they are. He also contends that defense counsel and the assistant district attorney general contributed to his misunderstanding, thereby amounting to ineffective assistance of counsel and prosecutorial misconduct.

Based on our review of the record in this case, we conclude that the trial court correctly dismissed the petition. The petitioner has not presented cognizable grounds for habeas corpus relief. The claims asserted would render the petitioner's conviction voidable rather than void. It is well-settled that the purpose of a habeas corpus petition, in contrast to a post-conviction petition, is to contest void, not merely voidable, judgments. Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993). If a court rendering judgment has jurisdiction of the person and the subject matter, as well as the authority to make the challenged judgment, any such judgment is voidable rather than

void. <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). As is evident from the petition and the brief before this Court, the petitioner clearly does not contest the jurisdiction or authority of the original trial court. Accordingly, we conclude that the petitioner is not entitled to habeas corpus relief.

Furthermore, the petitioner is also not entitled to post-conviction relief. As stated above, the petitioner pleaded guilty in November 1997. There was apparently no direct appeal from his plea agreement. He filed his "Original Petition Post Conviction Writ of Habeas Corpus" in May 1999. Considering the petition as one for post-conviction relief, it is clear that relief is not available because the petition was filed after the expiration of the one-year statute of limitations. <u>See</u> Tenn. Code Ann. § 40-30-202(a).

For the reasons stated above, we conclude that the petitioner's petition does not state grounds upon which habeas corpus relief may be granted. In addition, the petitioner is not entitled to post-conviction relief because his petition was filed after the expiration of the post-conviction statute of limitations. We therefore conclude that the trial court correctly dismissed the petition.

Accordingly, the judgment of the trial court is AFFIRMED pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Since the record reflects the petitioner is indigent, costs shall be taxed to the state.

_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE