# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| **LAMAR FLETCHER**, | ) | |
| Petitioner, | ) | **C. C. A. NO. 02C01-9902-CC-00046** |
| vs. | ) | **LAUDERDALE COUNTY** |
| **STATE OF TENNESSEE,** | ) | No. 5138 |
| Respondent. | ) | |

**O R D E R**

FILED

July 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

This matter is before the Court upon motion of the state to affirm the judgment of the trial court by order rather than formal opinion. See Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. The petitioner is currently serving a life sentence, having been found to be an habitual criminal in 1985. In his present petition, the petitioner claims that his conviction is void because his trial attorney worked as a Public Defender and Assistant District Attorney at the same time. The trial court found that the petitioner was not entitled to habeas corpus relief and dismissed the petition.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). The petitioner's sentence has not expired. The petitioner does not allege the trial court lacked jurisdiction. The petitioner's claim, if meritorious, would merely make the judgment voidable, not void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994). Accordingly, the trial court properly determined the petitioner is not entitled to relief in this instance. Moreover, this issue has previously been decided against petitioner in a prior post-conviction proceeding. See Fletcher v. State, No. 02C01-9409-CR-00188

(Tenn. Crim. App. 1995).

For the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be taxed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE

2