**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

DANIEL BENSON TAYLOR                  )

        Appellant,              )   C.C.A. NO. 01C01-9904-CC-00132

                            )   (No. 98-5073C-1 Below)

VS.                         )   HICKMAN COUNTY

                            )

JACK MORGAN, WARDEN,       )   The Hon. Donald P. Harris

                            )   (Dismissal of Habeas Corpus Petition)

        Appellee.          )   AFFIRMED PURSUANT TO RULE 20

**FILED**

August 27, 1999

Cecil W. Crowson
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The appellant opposes the motion. Upon reviewing the record and the pleadings in this case, we find that it is an appropriate matter for affirmance under Rule 20.

From the record, it appears that on October 6, 1982, the appellant was convicted of second-degree murder and sentenced to life imprisonment. It further appears that the offense occurred on September 20, 1980. The appellant contends that his sentence is illegal because he was not sentenced under the Sentence Reform Act of 1982. Finding that the appellant was properly sentenced under the law in effect at the time of the offense, the trial court dismissed the petition for writ of habeas corpus relief.

It is a well-established principle of law that the remedy of habeas corpus is limited in its nature and its scope. Archer v. State, 851 S.W.2d 157, 161-162 (Tenn.1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App.1994). In Tennessee, habeas corpus relief is available only if "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered,' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn.1993) (citation omitted in original).

In the present case, the appellant seeks to be sentenced under the 1982 Sentence Reform Act, however, the 1982 Act specifically stated that "[f]or all persons who

committed crimes prior to July 1, 1982, the prior law shall remain in full force and effect in every respect, including but not limited to sentencing, parole and probation." T.C.A. § 40-35-112(a) (1982).  Thus, it is irrelevant that the appellant was sentenced on October 6, 1982, because the 1982 Sentencing Reform Act specifically stated that it did not apply to crimes committed prior to July 1, 1982. Id.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed.  It appearing that the appellant is indigent, costs of these proceedings are taxed to the state.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID H. WELLES, JUDGE