IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## SEAN N. GEIGER v. PERCY PITZER, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 9057     Jon Kerry Blackwood, Judge**

_____

**No. W1999-01776-COA-R3-CD - Decided May 4, 2000**

_____

An inmate presently in custody in the Whiteville Correctional Facility sued the warden and the CEO and Chairman of Corrections Corporation of America in a pleading styled Petition for Writ of Habeas Corpus. He seeks release from that facility contending that the State of Wisconsin Department of Corrections (DOC) released him when it surrendered him to a facility outside the borders of the State of Wisconsin for incarceration. The trial court dismissed the cause of action and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded.**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J, W.S., and LILLARD, J., joined.

Sean N. Geiger, *Pro Se*

Tom Anderson, Jackson, Tennessee, for the appellee, Percy Pitzer.

### OPINION

The appellant, Sean Geiger, has appealed from an order of the trial court dismissing his cause of action for failure to state a claim upon which relief can be granted. *See* Rule 12.02(6) T.R.C.P.[1] The pleading filed by Mr. Geiger is styled Petition for Writ of Habeas Corpus. He contends that he is a Wisconsin state prisoner currently in custody of Corrections Corporation of America (CCA) and that the State of Wisconsin voluntarily surrendered him to the defendant for incarceration pursuant to a contract between CCA and the Wisconsin Department of Correction. Contending that the State of Wisconsin DOC voluntarily surrendered any lawful sovereign jurisdiction over him, he prays for issuance of a writ of habeas corpus ordering his immediate release from custody and seeks an injunction enjoining any governmental or private entity from seeking to retake him in connection

---

[1]This appeal was transferred to this Court by order of the Tennessee Court of Criminal Appeals.

with the Wisconsin judgment of convictions for which he was incarcerated.

It is well-established that habeas corpus relief for a person incarcerated as a result of having been convicted of a crime is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Mr. Geiger's petition does not so allege. If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-109 (1980). Moreover, habeas corpus proceedings are essentially civil in nature and the Rules of Civil Procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 *et. seq.* Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted. Mr. Geiger has not alleged that the convicting court in Wisconsin was without jurisdiction or authority over him or that his sentence of imprisonment has expired.

Insofar as the complaint filed by Mr. Geiger challenges the validity of a contract between the State of Wisconsin DOC and CCA, we believe that the State of Wisconsin would be a necessary and indispensable party to such an action. *See* 67A C.J.S. *Parties* §§ 4, 53(a). We also note that, while the person alleged to be the CEO and Chairman of CCA was named as a respondent, CCA was not. Therefore, the order of the trial court dismissing this cause is affirmed. In view of our decision, we find it unnecessary to address the issue of whether or not the state courts of Tennessee would have jurisdiction over an action against a sister state.

The order of the trial court dismissing this cause is affirmed and the costs of this appeal are taxed to the appellant, Sean Geiger, for which execution may issue if necessary.