# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ROGER L. KAUFMAN v. STATE OF TENNESSEE, ET AL.

### Direct Appeal from the Circuit Court for Hardeman County
### No. 9018    Jon Kerry Blackwood, Judge

---

### No. W1999-02449-COA-R3-CV - Decided May 15, 2000

---

An inmate presently in custody of the Whiteville Correctional Facility (WCF) sued the warden of that facility, Corrections Corporation of America (CCA), its CEO and the State of Tennessee. He seeks release from that facility contending that the State of Wisconsin Department of Corrections (DOC) released him and surrendered him to a facility outside the borders of the State of Wisconsin for incarceration. The trial court dismissed the cause of action and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded.**

FARMER, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

Roger L. Kaufman, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellee, Corrections Corporation of America.

### OPINION

The appellant, Roger L. Kaufman, has appealed from an order of the trial court dismissing his cause of action for failure to state a claim upon which relief can be granted. *See* Rule 12.02(6) T.R.C.P. A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of the claim, not the strength of the plaintiff's proof. The court determines whether to grant the motion based solely on the allegations stated in the complaint and, for purposes of the motion, the allegations are taken as true. *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550 (Tenn. 1999).

The pleading filed by Mr. Kaufman is styled Motion for Unconditional Release. Mr. Kaufman avers that the basis for his incarceration is a judgment of conviction entered in the circuit court for Juneau County, Wisconsin. He further alleges that he was illegally shipped to the State of Tennessee by the Wisconsin DOC because the contract entered into by the State of Wisconsin and CCA is an "illegal" contract. He further contends that the State of Wisconsin voluntarily surrendered sovereign jurisdiction over him and that, while attempting to leave the WCF he "was caught before

he made it through the first two fences" following which the State of Wisconsin refused to help him return to that state. Therefore, he alleges that this is an indication that Wisconsin no longer wishes to have any right or claim over him.

Insofar as the pleading filed in this case can be interpreted as a petition for writ of habeas corpus, it is well-established that habeas corpus relief for a person incarcerated as a result of having been convicted of a crime is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn.1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Mr. Kaufman's petition does not so allege. If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tenn. Code Ann. § 29-21-109 (1980). Moreover, habeas corpus proceedings are essentially civil in nature and the Rules of Civil Procedure are applicable where consistent with Tenn. Code Ann. § 29-21-101 *et. seq.* Tenn. R. Civ. P. 12 provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted. Mr. Kaufman has not alleged that the convicting court in Wisconsin was without jurisdiction or authority over him or that his sentence of imprisonment has expired.

Insofar as the complaint filed by Mr. Kaufman challenges the validity of a contract between the State of Wisconsin DOC and CCA, we believe that the State of Wisconsin would be a necessary and indispensable party to such an action. *See* 67A C.J.S. *Parties* §§ 4, 53(a).

It is further alleged that the complainant was deprived of due process. An inmate does not have a constitutional right to be assigned to a particular penal institution. *See Olim v. Wakinekona*, 461 U.S.238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1993); *Beard v. Livesay*, 798, F.2d 874, 876 (6th Cir. 1986).[1]

It is further alleged that while incarcerated, he was kicked in the thigh and that he "put a medical slip/request in to have it looked at and [photographed], but no one ever came." The complaint does not identify the assailant nor allege any negligence against the defendants and the only relief sought in the pleading is for unconditional release.

It is further alleged that complainant has been deprived of his rights under the Thirteenth Amendment to the U.S. Constitution which prohibits slavery. This amendment specifically excepts punishment for a crime where the party has been duly convicted. U.S. CONST. amend. XIII.

---

[1]Pursuant to T.C.A. § 40-23-104, a trial judge has the power to order the removal of a prisoner from the county workhouse to the department of correction under certain circumstances set forth in the statute.

Mr. Kaufman states additional causes of action and relief sought in his briefs filed before this court. However, these matters were not before the trial court and will not be considered by this court. In view of our decision, we find it unnecessary to address the issue of whether or not the state courts of Tennessee would have jurisdiction over an action against a sister state.[2]

The order of the trial court dismissing this cause is affirmed and the costs of this appeal are taxed to the appellant, Roger L. Kaufman, for which execution may issue if necessary.

---

[2]Mr. Kaufman also alleges that his motion for unconditional release was filed in the trial court in Wisconsin where he was convicted.