# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 2000 Session

## EMMANUEL PAGE v. DOCTOR R. CRANTS, ET AL.

**Appeal from the Circuit Court for Hardeman County**
**No. 9201     Jon Kerry Blackwood, Judge**

---

**No. W1999-02127-COA-R3-CV - Decided August 15, 2000**

---

An inmate sentenced in Wisconsin and transferred to Tennessee, where he is presently incarcerated, appeals from the trial court's order dismissing his petition for writ of *habeas corpus*.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Emmanuel Page, *Pro Se*.

Tom Anderson, Jackson, Tennessee, for the appellees, Doctor R. Crants and Percey Pitzer.

## MEMORANDUM OPINION[1]

The appellant, Emmanuel Page, has appealed from an order of the trial court dismissing his action for failure to state a claim upon which relief can be granted.  *See* rule 12.02(6) Tenn. R. Civ. P.  A motion to dismiss for failure to state a claim upon which relief can be granted challenges the sufficiency of the claim, not the strength of the plaintiff's proof.  The court determines whether to grant the motion based solely on the allegation as stated in the complaint and, for purposes of the motion, the allegations are taken as true.  *See Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550 (Tenn. 1999).

Mr. Page filed a petition for writ of *habeas corpus* in the Circuit Court of Hardeman County, Tennessee stating that he is incarcerated in the Whiteville Correctional Facility and that he was sentenced to a life sentence in the State of Wisconsin.  Following his sentence, he was transported

---

[1]**Rule 10 (Court of Appeals).** __Memorandum Opinion__ . – (**b**) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

from the State of Wisconsin prison system to the Whiteville Correctional Facility in Whiteville, Tennessee.

The petition does not identify the respondents. The petition further alleges that the Wisconsin Department of Correction lacked authority to transfer the petitioner to the facility where he is presently incarcerated.

As Appellant correctly states in his brief, it is well established that *habeas corpus* relief for a person incarcerated as a result of having been convicted of a crime is limited and available in Tennessee only when the face of the judgment or the record of the proceedings upon which the judgment is rendered reveals that the convicting court was without jurisdiction or authority over the appellant or that the appellant's sentence of imprisonment has expired. *See Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Mr. Page's petition does not so allege. If, from the face of the petition, the reviewing court finds nothing to indicate that the appellant's challenged convictions might be void or not entitled to any relief, the court shall dismiss the petition and refuse the issuance of the writ. Tennessee Code Annotated § 29-21-109 (1980). Moreover, *habeas corpus* proceedings are essentially civil in nature and the rules of civil procedure are applicable where consistent with Tenn. Code Ann. §§ 29-21-101 to -109 (1980). Rule 12 of the Tennessee Rules of Civil Procedure provides trial courts the authority to dismiss pleadings which fail to state a claim upon which relief may be granted. Mr. Page has not alleged that the convicting court in Wisconsin was without jurisdiction or authority over him or that his sentence of imprisonment has expired.

The order of the trial court dismissing the petition for writ of *habeas corpus* is affirmed and the costs of this appeal are taxed to the appellant, Emmanuel Page, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE