IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**JAMES DUBOSE v. STATE OF TENNESSEE, KEVIN MYERS, WARDEN**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13370    Jim T. Hamilton, Judge**

**No. M2004-01021-CCA-R3-HC - Filed October 15, 2004**

This matter was presented to the Court upon the motion of the State of Tennessee, pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

James Dubose, Tiptonville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and T. Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Petitioner, James Dubose, filed a petition for habeas corpus relief in the Circuit Court of Wayne County, attacking his conviction in the Williamson County Circuit Court for the offense of felony murder by aggravated child abuse. He was sentenced to imprisonment for life. The conviction was affirmed on direct appeal. *See State v. Dubose*, 953 S.W.2d 649 (Tenn. 1997). Petitioner subsequently filed a petition for post-conviction relief, which was denied by the trial court. This too, was affirmed. *See Dubose v. State*, No. M2000-00478-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 93 (Tenn. Crim. App. at Nashville, Feb. 1, 2001), *perm. to appeal denied* (Tenn. Oct. 1, 2001). In his petition for writ of habeas corpus, Petitioner contends that he is entitled to relief because erroneous jury instructions regarding the "reckless" *mens rea* constituted a constructive amendment of the indictment leading to a void conviction.

The trial court summarily dismissed the petition for habeas corpus upon motion of the State. On appeal, the State correctly argues, and we thus agree, that at most, the judgment would be

voidable and not void.  Therefore, habeas corpus relief is not warranted.  *See, e.g., Passarella v. State*, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994) (remedy of habeas corpus in criminal cases is limited to cases where the judgment is void or the term of imprisonment has expired); s*ee also Thornton v. Raney*, No. 02C01-9302-CC-00025, 1994 Tenn. Crim. App. LEXIS 41, *3 (Tenn. Crim. App. at Jackson, Jan. 26, 1994) (holding that erroneous jury instructions meet none of the requirements for habeas corpus relief).

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE