IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1999 SESSION

FILED

May 5, 1999

Cecil Crowson, Jr.

| | | |
|---|---|---|
| HUBERT J. ROBBINS, | ) | C.C.A. 03C01-9808-CR-00265 |
| | ) | MORGAN COUNTY CIRCUIT |
| | ) | |
| Appellant, | ) | Hon. E. Eugene Eblen, Judge |
| | ) | |
| vs. | ) | (HABEAS CORPUS) |
| | ) | No. 8503 |
| DAVID G. MILLS, Warden, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

HUBERT J. ROBBINS, pro se
P.O. Box 1000
Petros, TN 37845

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243

J. SCOTT McCLUEN
District Attorney General

FRANK A. HARVEY
Assistant District Attorney
P.O. Box 703
Kingston, TN 37763

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

## OPINION

The appellant, Hubert J. Robbins, an inmate at Brushy Mountain State Prison, appeals the Morgan County Circuit Court's summary dismissal of his pro se petition for writ of habeas corpus. The trial court granted the state's motions to dismiss the petition without the appointment of counsel or an evidentiary hearing. Upon review, we affirm the judgment of the trial court.

On February 19, 1985, while represented by two appointed counsel, defendant entered pleas of guilty to first degree felony murder, assault with intent to commit first degree murder with serious bodily injury, armed robbery, and concealing stolen property. He was sentenced to serve three life sentences and one five-year sentence. Two of the life sentences were to be served concurrent to one another and were consecutive to the third life sentence. The five-year sentence also was concurrent. No appeal was taken. Soon thereafter appellant filed a petition for post-conviction relief. In November 1986 this court affirmed the trial court's denial of the post-conviction petition. See Hubert J. Robbins v. State, Sevier County, No. 74 (Tenn. Crim. App., November 13, 1986).

The instant petition for writ of habeas corpus was filed May 28, 1998. The instant petition asserts five general issues:

1. involuntariness of the 1985 guilty pleas;

2. erroneous sentencing because of failure to consider proper mitigating factors;

3. failure to conduct a competency hearing to determine appellant's sanity;

4. ineffective assistance of counsel; and

5. violation of double jeopardy principles by erroneous conviction of both armed robbery and assault with intent to commit first degree murder.

2

The state's motions[1] to dismiss were granted by order entered July 24, 1998.

It has long been established that the remedy of habeas corpus is limited in scope as well as relief. Archer v. State, 851 S.W. 2d 157, 161-62 (Tenn. 1993); Passarella v. State, 891 S.W. 2d 619, 626 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1994). In criminal cases, this remedy is available only if (1) the original judgment of conviction is void or (2) the sentence has expired. Passarella, 891 S.W. 2d at 626. If the petition fails to establish one of these grounds for relief, the trial court may dismiss the action without an evidentiary hearing. Id. at 628. In this case the judgments of conviction are not void on their faces and have not expired.

The grounds for relief asserted here are cognizable, if at all, in a post-conviction action, not an action for habeas corpus. Such a petition would have to be filed in the county where the judgment of conviction was entered. Tenn. Code Ann. §40-30-204(a). Judgment in this case was rendered in Sevier County, and this petition was filed in Morgan County. Accordingly, the trial court did not err by failing to treat the application as one for post-conviction relief.

Furthermore, the statute of limitations for filing a petition for post-conviction relief has expired. Tenn. Code Ann. §40-30-202(a). Defendant pled guilty in 1985. He had three years from July 1, 1986 to file a petition for post-conviction relief. Tenn. Code Ann. §40-30-102 (repealed 1995). He did not file the present petition until May 1998. His petition is time-barred.

Finally, because appellant has previously filed a petition for post-conviction relief, his claims have been previously determined or waived. Tenn. Code Ann. §40-30-206(g) and (h). He makes no allegation that would entitle him to reopen his original petition under Tenn. Code Ann. §40-30-217. He is not entitled to relief.

Accordingly, the judgment of the trial court dismissing the petition is affirmed.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

---

[1] Motions to dismiss were filed by the District Attorney General on June 10, 1998, and by the Attorney General on June 24, 1998.

CONCUR:

_____
GARY R. WADE
JUDGE


_____
NORMA M. OGLE
JUDGE

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1999 SESSION**


| **HUBERT J. ROBBINS,** | ) | **C.C.A. 03C01-9808-CR-00285** |
|---|---|---|
| | ) | **MORGAN COUNTY CIRCUIT** |
| | ) | |
| **Appellant,** | ) | **Hon. E. Eugene Eblen, Judge** |
| | ) | |

vs.                                          )        (HABEAS CORPUS)
                                             )        No. 8503
**DAVID G. MILLS, Warden,**                  )
                                             )
                **Appellee.**                )

## <u>JUDGMENT</u>

Came the appellant, Hubert J. Robbins, pro se and also came the attorney general on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Morgan County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Circuit Court of Morgan County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

Gary R. Wade, Judge
Norma M. Ogle, Judge
Cornelia A. Clark, Special Judge