IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2012

**FREDDIE L. OSBORNE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4411      Mark J. Fishburn, Judge**

**No. M2012-00122-CCA-R3-HC - Filed September 10, 2012**

Petitioner, Freddie L. Osborne, appeals from the trial court's summary dismissal of the *pro se* petition for habeas corpus relief filed by Petitioner. After a thorough review of the record and the briefs, we affirm the judgment of the habeas corpus trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M TIPTON, P.J. and JOHN EVERETT WILLIAMS, J., joined.

Chad Davidson, Nashville, Tennessee, for the appellant, Freddie L. Osborne.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rob McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In July 1998, a Montgomery County jury found Petitioner guilty of the sale of over 26 grams of cocaine within 1,000 feet of a school, a Class A felony. Petitioner was sentenced to 32 years and 6 months as a Range II multiple offender. The offense occurred on March 6, 1997. At the time of the offense, a Range II sentence for a Class A felony was not less than 25 years nor more than 40 years. Tenn. Code Ann. § 40-35-112 (1997 Repl.). The presumptive minimum sentence for a Class A felony, if there were no applicable enhancement factors or mitigating factors, was the "midpoint of the range." Tenn. Code Ann. § 40-35-210(c) (1997 Repl.). The midpoint of a range of 25 years to 40 years is 32

years and 6 months, the precise sentence imposed upon Petitioner. The basis of Petitioner's theory that he is entitled to habeas corpus relief is that the Montgomery County trial court imposed an illegal sentence by enhancing the sentence above the minimum sentence of 25 years, in violation of *Cunningham v. California*, 549 U.S.270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007) (The Sixth Amendment right to a jury trial is violated when a sentence is enhanced solely on the basis of facts not found by a jury, except the fact of prior convictions).

The judgment, as is normal, does not reflect whether any enhancement or mitigating factors were found by the trial court to be applicable. Petitioner does not identify any enhancement or mitigating factors applied by the trial court in his *pro se* petition. In the brief filed in this court, Petitioner asserts that the trial court misapplied one enhancement factor, that Petitioner was a leader in an offense involving two or more criminal actors. *See* Tenn. Code Ann. § 40-35-114(2) (1997 Repl.). Petitioner's counsel cites to a transcript of the trial proceedings, but this transcript is not in the appellate record. The issue of sentencing was not raised on direct appeal of the conviction. *See State v. Walter L. Merriweather, John Head, Jr. and Freddie Osborne*, No. M1998-00332-CCA-R3-CD, 2000 WL 337585 (Tenn. Crim. App. March 31, 2000), *perm. app. denied* (Tenn. Nov. 6, 2000).

In the present appeal, Petitioner asserts as his ground for relief that the above-noted misapplied enhancement factor results in his entitlement to habeas corpus relief. In his *pro se* petition, Petitioner asserts that he could not be sentenced above the minimum sentence. Even if the trial court did misapply an enhancement factor, the trial court did *not* impose a sentence above the presumptive minimum sentence which was in existence at the time of sentencing.

Furthermore, even if the trial court erred in sentencing following a jury verdict of guilt, this issue would not be cognizable in a habeas corpus proceeding. This Court has repeatedly held that *Blakey v. Washington*, 542 U.S. 296 (2004) and its progeny, including *Cunningham*, are not to be applied retroactively in collateral attacks upon final judgments. *See e.g. Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *8 (Tenn. Crim. App. Nov. 13, 2007) *perm. app. denied* (Tenn. April 7, 2008).

It is obvious that nothing in the record indicates that Petitioner's conviction or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal.

**CONCLUSION**

The judgment of the habeas corpus trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE